

**COMPLAINT**
STEVEN K. GEORGE
STEPHANIE GEORGE
731 AUTUMN MOON DR.
LAS VEGAS, NV 89123-0713
Tel. (702) 497-8661
George.AutumnMoon@outlook.com
PLAINTIFFS PRO SE

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN K. GEORGE and
STEPHANIE GEORGE

     Plaintiffs

vs.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR THE SPECIALTY
UNDERWRITING AND RESIDENTIAL
FINANCE TRUST, SERIES 2006-AB2;
SPECIALTY UNDERWRITING AND
RESIDENTIAL FINANCE TRUST, SERIES
2006-AB2; U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF SPECIALTY
UNDERWRITING AND RESIDENTIAL
FINANCE TRUST, SERIES 2006-AB2;
MERRILL LYNCH MORTGAGE
INVESTORS, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; ROES 1-10 and DOES 1-10, inclusive,
representing a class of unknown persons who
claim or have the right to claim an interest in
certain real property located in Las Vegas,
Nevada,

Defendants.

**2:15-cv-01254-RFB-GWF**

**COMPLAINT FOR:**

1. **DECLARATORY RELIEF COUNTS
   1-12 [28 U.S.C. §§ 2201, 2202];**
2. **FRAUD AND DECEIT;**
3. **PROMISSORY ESTOPPEL;**
4. **VIOLATION OF NEW YORK
   GENERAL BUSINESS LAW § 349
   (DECEPTIVE PRACTICES ACT);**
5. **VIOLATION OF NEVADA
   BUSINESS AND PROFESSIONAL
   CODE, ET SEQ.;**
6. **VIOLATION OF 15 U.S.C. § 1692 ET
   SEQ.;**
7. **VIOLATION OF 15 U.S.C. § 1641(g);**
8. **CANCELLATION OF
   INSTRUMENTS;**
9. **STATUTORILY DEFECTIVE
   FORECLOSURE**

**(JURY TRIAL DEMANDED)**

## COMPLAINT

  Plaintiffs Steven K. George and Stephanie George, by and for their Complaint against Defendants,

U.S. Bank National Association as Trustee for the Specialty Underwriting and Residential Finance Trust,

Series 2006-AB2; the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2; U.S.

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ...................................................2

NATURE AND SUMMARY OF THE ACTION ..................................4

JURIDICTION AND VENUE ..................................................6

THE PARTIES ............................................................7

GENERAL AND FACTUAL ALLEGATIONS ...................................9

SECURITIZATION ........................................................22

FIRST CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 1 "TO DETERMINE STATUS OF
    DEFENDANTS' CLAIMS [28 U.S.C. §§ 2201, 2202]........................28

SECOND CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 2 "WAS THE LOAN IN DEFAULT AT THE
    TIME OF THE ASSIGNMENT ...........................................30

THIRD CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 3 "DID THE VALUE OF PLAINTIFF'S
    PROPERTY AT THE TIME OF THE ASSIGNMENT COMPLY WITH THE "80%
    VALUE-TO-LOAN RATIO" OF 26 U.S.C. §§ 860A-860G? ...................32

FOURTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 4 "DOES THE ASSIGNMENT COMPLY WITH
    THE "TIMING REQUIREMENT" OF 26 U.S.C. §§ 860A-860G?" ...............34

FIFTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 5 "DOES THE ASSIGNMENT CONVEY A
    NOTE AND DEED OF TRUST  THAT IS A "QUALIFIED LOAN" as defined by 26
    U.S.C. §§ 860A-860G?" ..............................................36

SIXTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 6 "IS THE ASSIGNMENT A "DEFECTIVE
    OBLIGATION" PURSUANT TO 26 U.S.C. §§ 860A-860G?" .................38

SEVENTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 7 "DOES THE ASSIGNMENT VIOLATE THE
    "BANKRUPTCY REMOTE" REQUIREMENT PURSUANT TO 26 U.S.C. §§ 860A-
    860G?" ..............................................................40

EIGHTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 8 "DOES THE DELIVERY AND/OR TRANSFER
    OF THE PLAINTIFF'S NOTE YEARS AFTER THE TRUST'S CLOSING DATE
    RENDER THE REMIC STATUS OF THE TRUST VOID PURSUANT TO 26 U.S.C. §§
    860A-860G?" ........................................................43

NINTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 9 "IS THE DELIVERY AND/OR TRANSFER OF
    THE PLAINTIFF'S NOTE YEARS AFTER THE TRUST'S CLOSING DATE A
    VIOLATION OF SEC LAW?"............................................44

**Lindsay T. Kan**
25905 Wordsworth Lane, Stevenson Ranch, CA 91381
Tel: (949) 254-6555 Email: Kan.Wordsworth@outlook.com

i

TENTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 10 "IS THE DELIVERY AND/OR TRANSFER
    OF THE PLAINTIFF'S NOTE YEARS AFTER THE TRUST'S CLOSING DATE A
    VIOLATION OF NEW YORK'S ESTATES, POWERS & TRUSTS LAW?" ......................45

ELEVENTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 11 "DOES THE ASSIGNMENT COMPLY WITH
    THE "TIMING REQUIREMENT" OF THE PROSPECTUS?" ................................................46

TWELFTH CAUSE OF ACTION,
    DECLARATORY RELIEF COUNT - 12 "DOES THE ASSIGNMENT CONVEY A
    "QUALIFIED LOAN" PURSUANT TO THE PROSPECTUS?" ............................................47

THIRTEENTH CAUSE OF ACTION,
    "DOES THE ASSIGNMENT CONVEY A "DEFECTIVE OBLIGATION" PURSUANT
    TO THE PROSPECTUS?" ...................................................................................................48

FOURTEENTH CAUSE OF ACTION,
    CANCELLATION OF INSTRUMENTS ............................................................................49

FIFTEENTH CAUSE OF ACTION,
    FRAUD AND DECEIT ......................................................................................................52

SIXTEENTH CAUSE OF ACTION,
    VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 (THE "Deceptive
    Practices Act") ................................................................................................................53

SEVENTEENTH CAUSE OF ACTION,
    VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONAL CODE SECTION
    17200, ET SEQ. ................................................................................................................55

EIGHTEENTH CAUSE OF ACTION,
    FOR VIOLATION OF 15 U.S.C. § 1692e ........................................................................58

NINETEENTH CAUSE OF ACTION,
    FOR VIOLATION OF 15 U.S.C. § 1641(g) ......................................................................60

TWENTIETH CAUSE OF ACTION,
    STATUTORILY DEFECTIVE FORECLOSURE ..............................................................63

CONCLUSION ...............................................................................................................................68

PRAYER FOR RELIEF ..................................................................................................................69

Lindsay T. Kan
25905 Wordsworth Lane, Stevenson Ranch, CA 91381
Tel: (949) 254-6555 Email: Kan.Wordsworth@outlook.com

ii

Bank National Association as Trustee for the Certificateholders of the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2; Merrill Lynch Mortgage Investors, Inc.; Mortgage Electronic Registration Systems, Inc.; ROES 1-10 and DOES 1-10, inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located in Las Vegas, Nevada (collectively, "Defendants"), aver as follows:

## PRELIMINARY STATEMENT

Plaintiffs are informed and believe, and based on such information and beliefs, assert that Consistent with the public policy in favor of preserving homeownership, a plaintiff can properly bring a wrongful foreclosure action based on the allegation that the foreclosing party does not own the debt, i.e., the mortgage or the beneficial interest in the deed of trust. Contrary to Defendants' view, a plaintiff, even one in default, suffers real harm when a party without the right to do so forecloses on her home. Accordingly, a homeowner may bring a wrongful foreclosure action on the basis that the wrong party has foreclosed, whether due to an invalid assignment of the debt or for any other reason.

A statutorily defective foreclosure action is a common law tort claim; it is an equitable action to set aside a foreclosure sale, or an action for damages resulting from the sale, on the basis that the foreclosure was improper. The elements of a statutorily defective foreclosure claim are: (1) the defendant caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a mortgage or deed of trust; (2) plaintiff suffered prejudice or harm; and (3) plaintiff tendered the amount of the secured indebtedness or is excused from tendering.

///

///

///

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

A foreclosure may be "statutorily defective; for a number of reasons. For instance, the foreclosing entity may have failed to strictly comply with the notice or procedural requirements imposed by Nevada's non-judicial foreclosure statutes or by the terms of the deed of trust.

Another example-and the one relevant to this case-is that the foreclosure may be wrongful because it was initiated by a party without the lawful right to do so. To legally foreclose on a person's home, the foreclosing party must be the true owner of the debt securing the property in question. A mortgage or deed of trust creates a lien on the secured property; this lien is contractual in nature but is also a property right. Thus, the execution of a mortgage or deed of trust reflects a transfer of some of the "bundle of rights" that a homeowner has in his or her property, and a homeowner receives a reconveyance of those rights when he or she pays off the loan. Prior to reconveyance, only those having ownership in the mortgage or deed of trust may exercise the rights flowing under it, including the right to foreclose.

This basic principle-that only a true debt owner or its agent has lawful authority to foreclose-has been long recognized in Nevada law. This flows from the concept that the debt (i.e., a promissory note) and the security interest (i.e., a mortgage or deed of trust) are interconnected instruments that function and move together. (§ 2936 ["[t]he assignment of a debt secured by a mortgage carries with it the security"].) Because the mortgage or deed of trust secures the debt, only the debt owner (or the debt owner's agents) can enforce it. Therefore foreclosure process may be initiated by "the trustee, mortgagee, or beneficiary, or any of their authorized agents. Thus, a non-debt-owner acts "wrongfully" and "defective statutorily" when it forecloses on a deed of trust to which it is not the beneficiary, and a plaintiff can bring a action challenging that conduct.

///

///

COMPLAINT

3

## NATURE AND SUMMARY OF THE ACTION

1.   Although Plaintiffs will diligently attempt to state the facts of this case in an abbreviated manner as is customary in a complaint, the complexity and diversity of the rules and statutes of the involved Internal Revenue Codes, Securities and Exchange Commission Statutes, Uniform Commercial Code, and Nevada Revised Statutes, all residing under the umbrella of the securitization process renders brevity difficult.  Each of these bodies contain specialized laws with their own unique terms, nomenclature, and vocabulary which require specificity to establish the undisputed facts so that the application of law may be applied to this case in the most expeditious manner.

2.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that at its core this case involves a series of violations that Defendants have committed in conflict with that of Internal Revenue Codes, Securities and Exchange Commission Statutes, Uniform Commercial Code, and Nevada Revised Statutes, all of which are matters of public policy and do not require special standing to assert. Plaintiffs assert that the Defendants' violations of the aforementioned public policies are deceptive, fraudulent, and possibly felonious.

3.   In an attempt to appear to be in compliance with the Non-Judicial Foreclosure Scheme adopted by Nevada, Defendants recorded a "Corporate Assignment of Deed of Trust" in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, purporting to transfer all beneficial interest in Plaintiffs' Deed of Trust and Note to the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2.

4.   The aforementioned assignment is at the heart of the controversy before this Court, as Plaintiffs have discovered an impassible fork in the proverbial road. If the assignment is valid, then Plaintiffs have discovered that the Defendants have committed securities fraud and tax evasion, as the Assignment of Plaintiffs' Deed of Trust and Note would be in direct conflict with the Prospectus

COMPLAINT

4

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

for the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2 filed with the Securities and Exchange Commission. As the Frank-Dodd Act has provisions for individuals to receive monies for alerting the Securities and Exchange Commission to acts of securities fraud and/or violations, Plaintiffs could stand to receive millions of dollars. Similarly, the Internal Revenue Service financially rewards individuals for alerting them to those whom have large unpaid tax liabilities and as such Plaintiffs could stand to receive millions of dollars for alerting the Internal Revenue Service as to Defendants' activities.

5.   Conversely, if the assignment is void, then it has clouded the title to Plaintiffs' property and impaired their ability to identify and negotiate with the true and correct beneficiary of their loan. In addition, Plaintiffs have been paying the wrong parties. Furthermore, a VOID assignment would mean that the Defendants have also engaged in deceptive and misleading business practices as well as having created an unfair business advantage over Plaintiffs in direct violation of Nevada Business and Professional Code and entitling them to punitive damages.

6.   For the sake of judicial efficiency and as not to prejudice the Defendants, Plaintiffs have brought the matter before this Court.  If Plaintiffs file two separate actions, one stating that the assignment is VOID and the other stating that the assignment is VALID, Defendants could potentially lose both cases creating an appealable situation in both cases, where the light switch is ruled to be both on and off at the same time by two different judges in potentially two different venues.  Therefore, declaratory relief is mandatory as lacking definitive declaration as to whether the assignment is VOID or VALID, Plaintiffs would be prejudiced one way or the other.

///

///

///

///

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

## JURISDICTION AND VENUE

7.   This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331, 1343, 15 U.S.C. § 1692, 15 U.S.C. § 1641, 12 U.S.C. § 2605 and 42 U.S.C. § 1983 which confers original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

8.   This Court has original jurisdiction over the claims in this action based on 18 U.S.C. §§1964-et seq., §§1962 (a-d); See also 17 CFR 10(b)-5.

9.   This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

10.   This Court has original jurisdiction over the claims in this action based on 28 U.S.C. § 1332 which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.

11.   The unlawful conduct, illegal practices, and acts complained of and alleged in this Complaint were all committed in the Southern District of New York and involved business and a Trust located in the Southern District of New York.  Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

12.   This Court has original jurisdiction over the claims in this action based on and/or in connection to Revised regulations and Title 26 §§860(A-G) et., seq.

13.   This Court has original jurisdiction over the claims in this action based on federal questions pursuant to and governed under the Securities Act of 1933 [as amended through P.L. 112-106, approved April 5, 2012].

///

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

6

## THE PARTIES

14. Plaintiffs are now, and at all times mentioned herein, individuals residing in the Clark County, in the State of Nevada. At all times relevant to this action, Plaintiffs have owned the real property commonly known as 731 Autumn Moon Drive, Las Vegas, Nevada 89123-0713 (hereinafter the "Property").

15. Plaintiffs are informed and believe, and based on such information and beliefs, assert that at all times relevant to this Complaint, Defendant U.S. Bank National Association (hereinafter "USBANK") as Trustee for the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2, is based in St. Paul, Minnesota with corporate headquarters located at 60 Livingston Avenue, St. Paul, Minnesota 55107-2292.

16. Plaintiffs are informed and believe, and based on such information and beliefs, assert that at all times relevant to this Complaint, Defendant Specialty Underwriting and Residential Finance Trust, Series 2006-AB2 (hereinafter "SURF2006-AB2") is a common law trust formed under the laws of the state of New York as evidenced by declarations made by and recorded for public record with the Securities Exchange Commission and is administered by Defendant USBANK, is based in St. Paul, Minnesota with corporate headquarters located at 60 Livingston Avenue, St. Paul, Minnesota 55107-2292.

17. Plaintiffs are informed and believe, and based on such information and beliefs, assert that at all times relevant to this Complaint, Defendant Merrill Lynch Mortgage Investors, Inc., (hereinafter "MERRILL") as Depositor of the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2 is a corporation that maintains its principal office at 250 Vesey Street, 4 World Financial Center, 10th Floor, York, New York 10080.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

7

18.   Plaintiffs are informed and believe, and based on such information and beliefs, that at all times relevant to this Complaint, Defendant Mortgage Electronic Registration Systems (hereinafter "MERS") is a private electronic database that tracks the transfer of ownership interests in mortgage loans and does not hold any actual beneficial loans in its portfolio and is organized and existing under the Laws of Delaware, and maintains its address at P. O. Box 2026 Flint, Michigan 48501-2026.

19.   Plaintiffs are ignorant of the true identity and capacity of Defendants designated as Roes 1-10 and Does 1-10, inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located in Las Vegas, Nevada but will amend the Complaint when their identities have been ascertained according to proof within the time permitted. However, Plaintiffs allege on information and belief, that each and every Doe Defendant is in some manner responsible for the acts and conduct of the other Defendants, and were, and are, responsible for the injuries, damages and harm incurred by Plaintiffs. Plaintiffs further allege on information and belief that each such designated Defendant acted, and acts, as the authorized agent, representative and associate of the other Defendants in doing the things alleged herein.

20.   Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

21.   Any allegation about acts of any corporate or other business Defendant(s) means that the corporation or other business performed the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

22.   Plaintiffs are informed and believe, and based on such information and beliefs, that at all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the Defendants

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the other.

## GENERAL FACTUAL ALLEGATIONS

23. Plaintiffs are informed and believe, and based on such information and beliefs, that at all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that the other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

24. A "Prospectus" is among the documents recorded with the Securities and Exchange Commission (hereinafter "SEC") in conjunction with the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the Prospectus is not a contract to which they are not a party, but a formal legal document which is required by and filed with the SEC that provides information about the investment offering for sale to the public detailing the investments' objectives, strategies, risks, performance, distribution policy, tax considerations, fees and expenses, and management.

25. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the Prospectus for the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2 was filed with the SEC as Form 424B5. Contained within this Prospectus and its related documents the following information was declared about the investment offering for sale to the public:

   a) That the Issuer was Specialty Underwriting & Residential Finance Trust.

COMPLAINT

9

b)  That the Depositor was Merrill Lynch Mortgage Investors, Inc.

c)  That the Seller was Merrill Lynch Mortgage Lending, Inc.

d)  That the Master Servicer was Wilshire Credit Corporation.

e)  That the Trustee was U.S. Bank National Association.

f)  That the anticipated material federal income tax consequences
were based on REMIC Regulations.

g)  That the Cut-off Date was May 1, 2006.

h)  That the Closing Date was on or about May 31, 2006.

26.  The aforementioned information pertaining to management and tax considerations pursuant to the
Prospectus was declared about the investment offering for sale to the public, Plaintiffs are informed
and believe, and based on such information and beliefs, aver that this information was proclaimed
to the world via the Prospectus for the Specialty Underwriting and Residential Finance Trust, Series
2006-AB2.

27.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that the
Prospectus is required by the SEC and that the Prospectus is a disclosure document and that
although it is not a contract, barring amendment or alteration to the Prospectus, strict compliance is
required.

28.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that actions in
direct conflict with the Prospectus or Amended Prospectus would be a securities violation and that
actions that intentionally circumvented policies and procedures stated in the Prospectus expose the
investor to losses and/or tax liabilities, and that the circumvention of the policies and procedures
quantified in the Prospectus would be securities fraud.

29.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that although
they do not have the authority to prosecute the enforcement of securities violations, they are entitled

COMPLAINT

10

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

to potential monies for the identification of actions to the SEC, that result it fines or penalties as a direct result of Plaintiffs' assistance.

30. Plaintiffs executed a promissory note (hereinafter "Note") in favor of Wilmington Finance, Inc. (hereinafter "WILMINGTON") secured by a Deed of Trust (hereinafter "Deed of Trust") for the finance of the real property located at 731 Autumn Moon Drive, Las Vegas, Nevada 89123-0713.

31. Plaintiffs aver that an assignment of the Note and Deed of Trust (hereinafter "ADOT"), was recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478. A certified copy of the ADOT was requested from the Clark County Recorder's Office.

32. Plaintiffs assert that the prima facie evidence of the assignment being executed on June 11, 2011 shows that Plaintiffs' claims establish the plausibility that the ADOT is either VOID or that Defendants have engaged in tax evasion or avoidance and therefore there is a very true and real **CONTROVERSY** that can be determined simply by the Court answering Plaintiffs' Declaratory Relief Claims.

33. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as Instrument No. 20110616-0002478 in the Clark County Recorder's Office purports to have been executed on June 11, 2011 as evidenced by it stating it was "Dated:" on "June 11, 2011".

34. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as Instrument No. 20110616-0002478 in the Clark County Recorder's Office purports to transfer the subject Deed of Trust "TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER THE SAID DEED OF TRUST…" and as such Plaintiffs assert that prior to June 11, 2011 neither the subject Deed of Trust or the associated Note were ever granted, assigned or transferred to the SURF2006-AB2 Trust.

COMPLAINT

11

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

35. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the SURF2006-AB2 Trust Prospectus and its related documents state that all loans will be transferred into the trust no later than May 31, 2006

36. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as Instrument No. 20110616-0002478 is prima facie evidence that on June 11, 2011 Plaintiffs' loan was transferred to the trust more than five (5) years after May 31, 2006 as stated in the Prospectus and its related documents.

37. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT is in direct conflict with the Prospectus and is therefore a securities violation.

38. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as Instrument No. 20110616-0002478 is prima facie evidence that the assignment purports to have been executed by MERS in beneficiary capacity and not as nominee.

39. Plaintiffs are informed and believe, and based on such information and beliefs, allege that the Courts have repeatedly ruled, regardless of language contained in the Deed of Trust, MERS is not in fact a beneficiary, but a nominee of the lender-beneficiary, i.e., a limited agent for the purpose of administering the Deed of Trust, for example to substitute Trustees.

40. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as Instrument No. 20110616-0002478 is prima facie evidence that the assignment fails to be executed by 'Attorney in Fact" and as such it was not executed in the manner required and is therefore VOID.

41. Plaintiffs are informed and believe, and based on such information and beliefs, aver that for execution by an attorney in fact, requiring only that "[w]hen an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

12

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

42. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT did not subscribe the name of his principal to it, and his own name as attorney in fact as required and is therefore VOID.

43. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as Instrument No. 20110616-0002478 is prima facie evidence that the assignment transferred the beneficial interest of Plaintiffs' loan to U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust, Series 2006-AB2.

44. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the assignment transferring Plaintiffs' loan to U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust, Series 2006-AB2 is in direct conflict with the Prospectus and its related documents and is therefore a securities violation.

45. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the Prospectus states that the loans transferred to the SURF2006-AB2 Trust will first be transferred to Merrill Lynch Mortgage Investors, Inc. as the trust's Depositor and then onto U.S. Bank National Association, as Trustee and therefore is in direct conflict with the Prospectus and is consequently a securities violation.

46. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the Prospectus required the loans to first be transferred to a designated "Depositor" as part of making the trust "Bankruptcy Remote", a requirement of 26 U.S.C. §§ 860A-860G that requires an asset that is to be purchased by a REMIC Trust to be "Bankruptcy Remote" via two "True Sale" transactions in between the loan originator and the Trust.

47. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the failure to transfer the loans to the designated "Depositor" prior the transfer to the Trustee was in direct

COMPLAINT

13

conflict with the Prospectus and is therefore a securities violation and a violation of the requirement of 26 U.S.C. §§ 860A-860G, that an asset that is to be purchased by a REMIC Trust must be "Bankruptcy Remote" and was therefore not only a securities violation, but also exposed the investors to massive tax liabilities.

48.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that the alleged deceptive, fraudulent, and possibly felonious acts set forth herein were performed by the Defendants to circumvent Nevada Revised Statutes and create an unfair business advantage over the Plaintiffs.

49.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that genuine controversies exist as to whether or not that the purported transfer of Plaintiffs' Promissory Note and/or the assignment of the corresponding Deed of Trust were in direct conflict with the Prospectus and Public Policy and as such created multiple taxable events that Plaintiffs assert have never been paid.

50.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that genuine controversies also exist as to whether or not that the purported transfer of Plaintiffs' Promissory Note and/or the assignment of the corresponding Deed of Trust were in direct conflict with the Prospectus as a matter of law and as such clouded the title to Plaintiffs' property and impaired their ability to identify and negotiate with the true and correct beneficiary of their loan.

51.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that the Deed of Trust that Plaintiffs signed as a security instrument of Plaintiffs' Note states that "Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record." and as such Plaintiffs assert that they are contractually required to defend the title to the Property from the Defendants, as Plaintiffs are informed and believe, and based on such information and beliefs, aver that the Defendants' alleged violations of the

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

aforementioned public policies and recordation of false documents attempt to erroneously encumber title to Plaintiffs' Property that they are contractually required to defend.

52. Plaintiffs are informed and believe, and based on such information and beliefs, aver that Defendant USBANK, is a Trustee for over one-thousand residential mortgage-backed securities (hereinafter "RMBS") trusts originally securitized by more than $1 trillion dollars of residential mortgage loans, including the SURF2006-AB2 Trust.  Defendant USBANK, as Trustee, is the sole gatekeeper for the protection of the Trusts and their beneficial Certificateholders and must at all times, in addition to acting in the best interests of the Trusts, adhere to all statutes and relevant laws pertaining to the pooling and servicing of those loans securitized into the Trusts for which they are Trustee.

53. As alleged herein, Plaintiffs are informed and believe, and based on such information and beliefs, aver that Defendant USBANK wholly failed to discharge its duties and obligations to protect the Trusts and comply with public policy and statutory law.  Instead, to protect its own business interests, USBANK ignored pervasive and systemic deficiencies in the underlying loan pools and the servicing of those loans and unreasonably refused to take any action.  In addition to causing billions of dollars in damages to the Trusts for which Defendant USBANK is the Trustee, collateral damage and prejudice to borrowers have occurred as a result of Defendant USBANK's abdication of responsibility.

54. Subsequently, Defendants attempted but failed to assign or transfer Plaintiffs' Note to the SURF2006-AB2 Trust.  As such, Defendants have no authority to collect on the Note and enforce the Deed of Trust.  Despite Defendants' failure to perfect a security interest, Defendants and their agents have collected and attempted to collect on this Note and enforce the Deed of Trust with the knowledge that they have no legal right to do so.  In addition to violating the Fair Debt collection Practices Act (hereinafter "FDCPA"), the Truth in Lending Act (hereinafter "TILA") and the Consent Judgment commonly known as the "National Mortgage Settlement", Defendants

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

knowingly concealed their lack of an enforceable security interest by fabricating and recording false documents in the Clark County Recorder's Office. Defendants' conduct is not only unfair and fraudulent, but also constitutes a violation of New York Penal Code § 187 et seq. Through this action, Plaintiffs seek damages resulting from Defendants' unlawful conduct and a declaratory judgment establishing that Defendants have failed to substantiate a perfected security interest in the Note and Deed of Trust (collectively hereinafter "Loan"). Simply put, Defendants have no real, equitable, or pecuniary interest in the Note and Deed of Trust.

55.  Additionally, if the Court finds that any of the Defendants, including Defendant USBANK, as Trustee for the SURF2006-AB2 Trust have an enforceable security interest by virtue of the assignment of the Note and Deed of Trust, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, Plaintiffs are informed and believe, and based on such information and beliefs, maintain that Defendants violated the tax status of the REMIC statute set forth in the IRC. As such, Defendants have failed to pay taxes in an amount on information and belief in excess of $100 million dollars, and Plaintiffs are third party beneficiaries as whistleblowers pursuant to 26 U.S.C. § 7801 (1982 as amended) for the purpose of reporting potential violations of Internal Revenue laws.

56.  Additionally, if the Court finds that any of the Defendants, including Defendant USBANK as Trustee for the SURF2006-AB2 Trust, have an enforceable security interest by virtue of the assignment of the Note and Deed of Trust recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, Plaintiffs are informed and believe, and based on such information and beliefs, maintain that Defendants have made material misrepresentations as to the value of the Trust and certificates issued thereunder to its investors and Certificateholders and have violated SEC laws including, among others, SEC Rule 10b-5, codified at 17 C.F.R.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

240.10b-5. As such, Plaintiffs are third party beneficiaries (whistleblowers) pursuant to SEC laws and the Dodd Frank Whistle Blower Program for the purpose of reporting such violations.

57. Plaintiffs are informed and believe, and based on such information and beliefs, that Defendants have unlawfully attempted transfers, assignments and endorsements of the Note and Deed of Trust to which the Defendants claim the beneficial rights and interests. As discussed below, the Defendants' claimed interest is false.

58. Plaintiffs are informed and believe, and based on such information and beliefs, allege that Defendant MERS has no authority to transfer the interest in Plaintiffs' Note and as the ADOT is a document that purports to assign Plaintiffs' Note and that is a factual impossibility as a matter of law.

59. Plaintiffs are informed and believe, and based on such information and beliefs, aver that any language in the ADOT which claimed to assign the note could not do so, as notes do not move through assignments in the land records.

60. Plaintiffs are informed and believe, and based on such information and beliefs, aver that MERS is only able to transfer what it actually holds and cannot transfer a negotiable instrument by virtue of a transfer of real property.

61. Plaintiffs are informed and believe, and based on such information and beliefs, aver that Merrill Lynch Mortgage Investors, Inc. is the "Depositor" of record for the SURF2006-AB2 Trust as evidenced by declarations made by the Prospectus and recorded for public record with the Securities Exchange Commission.

62. Plaintiffs are informed and believe, and based on such information and beliefs, aver that Merrill Lynch Mortgage Investors, Inc. never was transferred the Plaintiffs' Note nor assigned the Plaintiffs' Deed of Trust, and as such Merrill Lynch Mortgage Investors, Inc.'s ability to have

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

deposited Plaintiffs' loan (Note and Deed of Trust) into the SURF2006-AB2 Trust is a factual impossibility.

63. Plaintiffs are informed and believe, and based on such information and beliefs, allege Defendants directly or indirectly through agents authorized or unauthorized are prejudicing Plaintiffs in the following areas but not limited to:

   a) Impairing Plaintiffs' ability to negotiate a loan modification with the true and correct beneficiary of Plaintiffs' loan.

   b) Impairing Plaintiffs' ability to negotiate a short sale with the true and correct beneficiary of Plaintiffs' loan.

   c) Impairing Plaintiffs' ability to obtain new financing.

   d) Impairing Plaintiffs' ability to provide a clear and correct title to a potential buyer of Plaintiffs' home.

   e) Most importantly, Plaintiffs aver that the ADOT, as SURF2006-AB2 is not the true and correct beneficiary of Plaintiffs' loan, and exposes them to multiple judgments and/or demands for payment on Plaintiffs' loan.

64. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the following facts pertaining to REMIC Trusts are Public Policy and governed by 26 U.S.C. §§ 860A-860G and that the following should be judicially noticed:

   a) The "Closing Date" of the Trust is the "Startup Date" for the REMIC status of the Trust as defined by 26 U.S.C. §§ 860A-860G.

   b) That 26 U.S.C. §§ 860A-860G requires the asset to be purchased by the Trust within the 3-month period beginning on the startup date of the Trust.

   c) That the 3-month period beginning on the startup date of the Trust ended on or about August 30, 2006 pursuant to 26 U.S.C. §§ 860A-860G.

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

d)  That 26 U.S.C. §§ 860A-860G requires an asset that is to be purchased by a REMIC Trust to be "Bankruptcy Remote" via two "True Sale" transactions in between the loan originator and the Trust.

e)  That 26 U.S.C. §§ 860A-860G requires an asset that is to be purchased by a REMIC Trust must be a "Qualified Loan".

f)  That 26 U.S.C. §§ 860A-860G requires an asset that is to be purchased by a REMIC Trust must not be a "Defective Obligation".

g)  That 26 U.S.C. §§ 860A-860G requires an asset that is to be purchased by a REMIC Trust must be a "True Sale".

h)  That 26 U.S.C. §§ 860A-860G requires an asset that is to be purchased by a REMIC Trust must have a Value-To-Loan ratio of 80% or higher.

65.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that aforementioned information (items a-h) pertaining to REMIC Trusts, are referenced in the Prospectus, and are Public Policy and governed by 26 U.S.C. §§ 860A-860G, and as such require no standing requirements for Plaintiffs to assert the violations of Public Policy and 26 U.S.C. §§ 860A-860G of the ADOT identified as instrument number 20110616-0002478.

66.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 are violations of Public Policy and 26 U.S.C. §§ 860A-860G for the following reasons:

a)  Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 is in direct violation of the REMIC requirements, as required by the IRC 26 U.S.C. §§ 860A-860G, as the loan must have been transferred to SURF2006-AB2 Trust by August 30, 2006.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

b) Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 is in direct violation of 26 U.S.C. §§ 860A-860G's requirement that the asset to be purchased by the Trust within the 3-month period beginning on the startup date of the Trust.

c) Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 is in direct violation of 26 U.S.C. §§ 860A-860G's timing requirement that ended on or about August 30, 2006.

d) Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 purports to assign Plaintiffs' loan directly from WILMINGTON FINANCE, INC. to U.S. Bank National Association as Trustee for the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2 in violation of 26 U.S.C. §§ 860A-860G's requirement that an asset that is to be purchased by a REMIC Trust to be "Bankruptcy Remote" via two "True Sale" transactions in between the loan originator and the Trust.

e) Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 violates 26 U.S.C. §§ 860A-860G requirement that an asset that is to be purchased by a REMIC Trust must be a "Qualified Loan" as Plaintiffs aver that the loan was in default at the time of the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 and as such could not have been a "Qualified Loan".

f) Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 violates 26 U.S.C. §§ 860A-860G requirement that an asset that is to be purchased by a REMIC Trust

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

must not be a "Defective Obligation" as Plaintiffs aver that the loan was in default at the time of the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011.

g) Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as instrument number 20110616-0002478 recorded on June 27, 2011 violates 26 U.S.C. §§ 860A-860G requirement that an asset that is to be purchased by a REMIC Trust must be a "True Sale" as Plaintiffs are informed and believe, and based on such information and beliefs, that a True Sale never took place.

67. Plaintiffs are informed and believe, and based on such information and beliefs, aver that these defects are incurable and render any assignments void, not merely voidable, as the violations would leave the Certificateholders exposed to massive tax consequences and the Trustee cannot cure their ultra-vires acts by causing the Certificateholders to incur a catastrophic taxable event as a result of Defendant USBANK's abdication of responsibility.

68. In the event Plaintiffs are precluded from asserting these issues, Plaintiffs contend that by virtue of accepting the transfer and assignment of non-qualified investments (i.e., loans in default, non-performing loans and loans with below 80% Value-To-Loan ratios, loans assigned to the Trust after the Trust's closing date), Defendants have violated the tax status of the REMIC and have now subjected the entire Trust, valued at $380,200,100 to tax liabilities which, on information and belief, has not been paid. In addition to their own loan, Plaintiffs have discovered and identified at least twenty (20) other loans with similar defects and are therefore whistleblowers and claim rights to a percentage of benefits the IRS will ultimately receive for the Defendant's SURF2006-AB2 tax liabilities.

69. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the more than twenty (20) additional Assignments of Deed of Trust or Mortgages that appear to also be Void

COMPLAINT

21

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

and executed after the Closing Date of SURF2006-AB2 Trust constitute a pattern and practice of non-compliance and total disregard for State, Federal and Securities Laws.

70.   Similarly, by accepting the transfer and assignment, Defendants have made material misrepresentations as to the value of the Trust and its performance to its investors/Certificateholders and have violated SEC laws, among others.  Plaintiffs are therefore whistleblowers to SEC § 10b and the Dodd-Frank whistleblower program.  As such, Plaintiffs are third party beneficiaries pursuant to the above laws for the purpose of reporting such violations.

## SECURITIZATION

71.   Securitization is a financing method whereby loans are made by loan originators, and the notes evidencing the debt are sold to a series of parties, the last of which is generally a Securitization Trust.  The Trust pays for the notes with the proceeds of bonds or bond like instruments issued by the Trust.  The notes themselves are typically owned by the Trust, for the benefit of investors, who are sometimes called Certificateholders.  The Investors are entitled to payment from the proceeds of the note repayments.  Since the bonds are secured by the proceeds of the notes, the bonds are known as "mortgage backed" securities.

72.   The SURF2006-AB2 Trust is a New York Trust formed to act as a Real Estate Mortgage Investment Conduit, or "REMIC".  In order for a Mortgage Backed Securities Trust ("MBS") to qualify for the federal tax REMIC status, one of the many very specific rules that must be followed is that trust assets must be "Bankruptcy Remote". Issuers of the REMIC Trusts have signed themselves up under oath with the SEC and the IRS as mortgage pass-through assets, qualifying as REMICs rather than an ordinary Real Estate Investment Trust ("REIT"). As long as the MBS is a qualified REMIC, no income tax will be charged to the MBS. REMICS were newly invented in 1987 as a tax

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

minimizing measure by Investment Banks. When filing as a REMIC, MBS's are forbidden from engaging in any prohibited action that would jeopardize the REMIC tax status as the penalty would result in a one hundred percent (100%) taxation by the IRS.

73. Most importantly, an assignment of the "Note" to the "Trust" after the closing date is a "Prohibited Transaction" which jeopardizes the favorable tax status accorded a "REMIC". This transaction would be in contradiction to the TRUST Laws" and is therefore "VOID".

74. Taxation on contributions after startup are governed by 26 U.S.C. §§ 860G(d)(1) which states:

> **"Except as provided in paragraph (2), if any amount is contributed to a REMIC after the startup day, there is hereby imposed a tax for the taxable year of the REMIC in which the contribution is received equal to 100 percent of the amount of such contribution."**

75. Taxation on "Prohibited Transactions" are governed by 26 U.S.C. §§ 860F(a)(1) which states:

> **"There is hereby imposed for each taxable year of a REMIC a tax equal to 100 percent of the net income derived from prohibited transactions."**

76. Pursuant to the IRC, REMICs are treated as pass-through vehicles for tax purposes and enjoy tax-free exemptions and bankruptcy remote protection. Generally, non-compliance with REMIC requirements subjects a REMIC to loss of its tax-free status and bankruptcy-remote privileges. The Prospectus, together with applicable New York Trust Law, forbid and void any action which might jeopardize the tax status of any REMIC and/or impose any tax upon the Trust for prohibited contributions of transactions. A copy of the Prospectus was filed under oath with the SEC and is available online at:

COMPLAINT

23

http://www.sec.gov/Archives/edgar/data/1364482/000095012306007158/0000950123-06-007158-index.htm

77.  Plaintiffs' initial investigation has confirmed that the Defendants were involved in an attempt to securitize the mortgage.  These parties likely intended to assign and transfer the mortgage into the SURF2006-AB2 Trust.  Plaintiffs are informed and believe, and based on such information and beliefs, allege that the void assignment and the attempted transfer to securitize the mortgage failed to comply with statutory law, the Prospectus for the Trust, or applicable state and federal law. Plaintiffs further allege the mortgage was not properly securitized and that their Note and Deed were never assigned and transferred to the SURF2006-AB2 Trust.  Based on either scenario, Defendants have no right or beneficial interest in the collateral and have improperly and fraudulently utilized the foreclosure statutes against Plaintiffs and as such created an unfair business advantage over Plaintiffs.

78.  Typically, the owners of the mortgage backed securities are investors in large investment pools comprised of pension funds, insurance companies and sovereign wealth funds.

79.  The mortgage payments for the Plaintiffs' Loan are not collected by the loan owners themselves. Rather, the tasks of payment processing, escrow maintenance, loss mitigation and instituting and managing foreclosure are collectively known as "servicing" and carried out by a "Loan Servicer".

80.  When the Servicers collect loan payments from the borrowers, the Servicers transfer those payments to the Trustee of the Trust ("Trustee"), which then distributes the payments to the Trust's beneficiaries, i.e., the Investors.  Therefore, each Trust is primarily administered by two entities: the Trustee, who is the "face" of each Trust with the Investors, and the Servicer (sometimes called a Master Servicer), who is the "face" of each Trust with the borrowers.  Because a Trustee holds the Trust corpus for the beneficiaries, a Servicer will act in the name of the Trustee when taking

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

24

action against borrowers, which includes the Servicers in the name of a Trustee bringing foreclosure actions against a borrower who is allegedly delinquent on their loan payments.

81.    Plaintiffs allege that their Deed of Trust was not assigned, transferred, or granted to the SURF2006-AB2 Trust as required by the Prospectus, statutory law, or applicable state and federal law, including but limited to the SEC and IRC.  Plaintiffs are informed and believe, and based on such information and beliefs, assert that Defendants' failure to adhere to all statutes and relevant laws pertaining to the pooling and servicing of those loans securitized into the SURF2006-AB2 Trust is a matter of public policy and common law.

82.    Plaintiffs allege that their Deed of Trust was not properly assigned to the SURF2006-AB2 Trust, as set forth in the Prospectus as well as statutes and relevant laws.

83.    In further violation of the Prospectus, Defendants failed to deposit specific documents with the Custodian of Records to complete the assignment and transfer of Plaintiffs' Note and Deed to the SURF2006-AB2 Trust.

84.    Under New York Trust Law, an asset does not become trust property until the asset is delivered to the Trustee.  ("It has long been the law in New York that to subject an asset to the terms of a trust that has an independent Trustee..., a grantor must have the intent to make a present gift to the trust and must make sufficient delivery of the assets of the trust to the Trustee.")  Warren's Heaton on Surrogate's Court Practice 13 App. 4-46 (Linda B. Hirschson et al. eds., 7th ed. 2006).  Moreover, NY Estates, Powers and Trusts Law § 7-2.4 states: "If the trust is expressed in the instrument creating the estate of the Trustee, every sale, conveyance or other act of the Trustee in contravention of the trust, except as authorized by this article and by any other provision of law is void." (Emphasis added)

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

85.  On information and belief Plaintiffs allege that Defendants failed to follow the required securitization process set forth in 26 U.S.C. §§ 860 - 860G. Plaintiffs further allege that the failure to follow the specific transfer and assignment requirements of the Prospectus are fatal to Defendant USBANK's claim to own the Note. Plaintiffs further allege that under applicable New York Trust Law, this defect may not now be remedied and may never be remedied in the future.

86.  The issue of defective assignments in the securitization process has been the focus of state and federal court case decisions, Attorneys General investigations, and Congressional reports. On each level, state and federal entities have concluded that a failure in the securitization process results in a break in the chain of title and the inability of the Securitized Trust to enforce the Note and Deed of Trust.

87.  Attorney General of Nevada, Catherine Cortez Masto, and Attorney General of California, Kamala Harris, have recently agreed to launch a joint investigation of residential mortgage foreclosure practices, including failed securitizations. Attorney General Masto has filed a complaint against Bank of America in United States District Court in Reno, in which her office alleges:

"Bank of America misrepresented both in communications with Nevada consumers and in documents they recorded and filed, that they had authority to foreclose upon consumers' homes as servicer for the trusts that held these mortgages. Defendants knew (and were on notice) that they had never properly transferred [text redacted] these mortgages to those trusts, failing to deliver properly endorsed or assigned mortgage notes as required by the relevant legal contracts and state law. Because the trusts never became holders of these mortgages, Defendants lacked authority to collect or foreclose on her behalf and never should have represented they could."

88.  Congress has recognized the importance of the Trust's strict compliance with the PROSPECTUS and New York Trust Law. Specifically, the congressional Oversight Panel, in its November 16, 2010 Oversight Report Examining the Consequences of Mortgage Irregularities for Financial

Stability and Foreclosure Mitigation determined "[I]f the transfer for the notes and mortgages did not comply with the Prospectus, the transfer would be void, and the assets would not have been transferred to the trust."

89.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ultra-vires acts alleged herein can be ratified with an "Opinion Letter of Counsel" stating that the SURF2006-AB2 Trust's acceptance of Plaintiffs' loan on June 27, 2011 is not a violation of any SEC, IRC, or NY EPTL. Plaintiffs further assert that lacking the aforementioned Opinion Letter rendering the ADOT voidable, the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is in fact **VOID**.

90.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that a defect in the chain of title that renders a debt assignment void is one way in which a foreclosing party may lack the lawful authority to foreclose. One appellate decision has directly addressed whether a wrongful foreclosure plaintiff may assert the foreclosing party's lack of power to foreclose in the specific context of allegedly void assignments, and found in favor of the plaintiff.

91.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that because the voidness of an assignment negates ownership of the debt, a wrongful foreclosure plaintiff is not required to demonstrate privity of contract with the assignor and assignee.

92.   Plaintiffs are informed and believe, and based on such information and beliefs, aver that the identity of the party having authority to foreclose on a homeowner matters. For example, if an invalid assignment had not occurred, the original lender may have exercised more leniency with missed payments or worked out a loan modification plan with the homeowner. And as described above, foreclosures have moved at an unprecedented pace in recent years. It is possible that another lender would have engaged in a slower process that would have given the homeowner more time to improve his or her financial situation or seek other alternatives to avoid foreclosure.

COMPLAINT

27

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

### FIRST CAUSE OF ACTION

### FOR DECLARATORY RELIEF COUNT - 1: TO DETERMINE STATUS OF

### DEFENDANTS' CLAIMS [28 U.S.C. §§ 2201, 2202]

(against all Defendants, and Associates in Fact)

93.   Plaintiffs re-allege all preceding paragraphs 1-92 and incorporate them by reference as if fully set forth herein.

94.   § 2201(a) of Title 28 of the United States Code states: "[i]n a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

95.   § 2202 of Title 28 of the United States Code states: "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

96.   Plaintiffs allege that Defendant USBANK does not have a secured or unsecured legal, equitable, or pecuniary interest in the Plaintiffs' loan evidenced by the fact that the only lien assigned by Wilmington Finance, Inc. was a non-existent mortgage and purported assignments thereafter by Defendants are void and have no value since the Deed of Trust was never transferred and is wholly unsecured.

97.   On June 27, 2011, Defendants claimed they were assigned and transferred a secured enforceable interest in, and a perfected lien against the Plaintiffs' Note, Deed of Trust and property.

98.   Thus, the competing allegations made by Plaintiffs and Defendants, above, establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the property.

COMPLAINT

28

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

99.   In addition, the harm by Defendants is ongoing and includes the potential of Plaintiffs' home, being at risk of a statutorily defective foreclosure.   Therefore, as this claim relates to future harm, Plaintiffs' declaratory relief claim is cognizable as an independent cause of action.

100.  Accordingly, Plaintiffs request that the Court make a finding and issue an appropriate order stating that none of the named Defendants or Doe Defendants, have any right or interest in Plaintiffs' Note, Deed of Trust, or the property which authorizes them, in fact or as a matter of law, to collect Plaintiffs' mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever.

101.  Plaintiffs will suffer prejudice if the Court does not determine the rights and obligations of the parties because: (1) Plaintiffs will be denied the opportunity to identify their true and current creditor/lender and negotiate with them; (2) they will be denied the right to conduct discovery and have Defendants' claims verified by a custodian of records who has personal knowledge of the loan and all transactions related to it; and (3) they will be denied the opportunity to discover the true amount still owing minus any illegal costs, fees and charges.

102.  Due to the actual case and controversy regarding competing claims and allegations, it is necessary that the Court declare the actual rights and obligations of the parties and make a determination as to whether Defendants' claims against Plaintiffs are enforceable and whether they are secured or unsecured by any right, title or interest in Plaintiffs' property.

103.  Furthermore, the conduct of Defendants and/or one or more of the Doe Defendants, and each of them, as herein described, was so malicious and contemptible that it would be looked down upon and despised by ordinary people.  Plaintiffs are therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

///

///

COMPLAINT

29

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

**SECOND CAUSE OF ACTION**

**DECLARATORY RELIEF COUNT - 2 "DOES THE LOAN BEING IN DEFAULT AT THE TIME OF THE ASSIGNMENT, IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 CONFLICT WITH 26 U.S.C. §§ 860A-860G?"**

(against all Defendants, and Associates in Fact)

104.  Plaintiffs re-allege all preceding paragraphs 1-103 and incorporate them by reference as if fully set forth herein.

105.  For their second and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the Plaintiffs' loan, being in default at the time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 conflicts with 26 U.S.C. §§ 860A-860G.

106.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that if the court finds that the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, is not "VOID" that the Defendants have violated the tax status of the REMIC statute set forth in the IRC.

107.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and to grant Declaratory Relief in the form of a Court Order determining whether or not the Plaintiffs' loan was in default at the time the ADOT, recorded in the Clark County Recorder's Office as Instrument No. 20110616-0002478, was executed.

108.  Plaintiffs are informed and believe, and based on such information and beliefs, aver that taxation on prohibited transactions are governed by 26 U.S.C. § 860F(a)(1) which states:

**"There is hereby imposed for each taxable year of a REMIC a tax equal to 100 percent of the net income derived from prohibited transactions.**

COMPLAINT

30

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

109. Plaintiffs are informed and believe, and based on such information and beliefs, aver that if this Court determines that the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, is a valid conveyance, it is a contribution of Plaintiffs' loan, which was in default and therefore a prohibited transaction as governed by 26 U.S.C. § 860F(a)(1) and as such created a taxable event equal to 100 percent of the amount of the Plaintiffs' loan.

110. Plaintiffs are informed and believe, and based on such information and beliefs, aver that none of the Defendants have reported or paid the mandatory imposed tax equal to 100 percent of the amount of the Plaintiffs' loan as a result of the conveyance purported by the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and as such Plaintiffs are bringing this information forward and are entitled to monies from the IRS for identifying the contribution of Plaintiffs' loan as well as other loans that were contributed to the SURF2006-AB2 Trust that were prohibited transactions.

111. Wherefore, Plaintiffs request that this court declare that the Plaintiffs' loan **was** in default, at time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore **VOID**. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 Trust involving prohibited transactions pursuant to 26 U.S.C. § 860F(a)(1) and to require Defendants to provide the tax returns

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

31

that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

### THIRD CAUSE OF ACTION

### DECLARATORY RELIEF COUNT - 3 "DID THE VALUE OF PLAINTIFFS' PROPERTY AT THE TIME OF THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 COMPLY WITH THE "80% VALUE-TO-LOAN RATIO" OF 26 U.S.C. §§ 860A-860G?

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

112. Plaintiffs re-allege all preceding paragraphs 1-111 and incorporate them by reference as if fully set forth herein.

113. For their third and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the value of the property, at the time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, complied with the Value-To-Loan ratio requirement of 26 U.S.C. §§ 860A-860G.

114. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the value of Plaintiffs' property was worth more or less at the time the ADOT, recorded in the Clark County Recorder's Office as Instrument No. 20110616-0002478 was executed, than it was at the time the loan was originated. Accordingly, Plaintiffs aver that it did not comply with the Value-To-Loan ratio requirement of 26 U.S.C. §§ 860A-860G.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

32

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

115. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the Value-To-Loan ratio requirement of 26 U.S.C. §§ 860A-860G mandates the Value-To-Loan of a property to be transferred into a REMIC trust must be that of 80% Value-To-Loan ratio or higher.

116. Plaintiffs are informed and believe, and based on such information and beliefs, aver that because the value of Plaintiffs' property declined so dramatically after the loan origination that it cannot possibly comply with the 80% Value-To-Loan ratio or higher, and is therefore a prohibited transaction.

117. Plaintiffs are informed and believe, and based on such information and beliefs, aver that taxation on prohibited transactions are governed by 26 U.S.C. § 860F(a)(1) which states:

**"There is hereby imposed for each taxable year of a REMIC a tax equal to 100 percent of the net income derived from prohibited transactions.**

118. Plaintiffs are informed and believe, and based on such information and beliefs, aver that if this Court determines that the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, is a valid conveyance, it is a contribution of Plaintiffs' loan, which was less than the Value-To-Loan ratio requirement of 26 U.S.C. §§ 860A-860G and therefore a prohibited transaction as governed by 26 U.S.C. § 860F(a)(1) and as such created a taxable event equal to 100 percent of the amount of the Plaintiffs' loan.

119. Plaintiffs are informed and believe, and based on such information and beliefs, aver that none of the Defendants have reported or paid the mandatory imposed tax equal to 100 percent of the amount of the Plaintiffs' loan as a result of the conveyance purported by the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and as such Plaintiffs are bringing this information forward and are entitled to monies from the IRS for identifying the contribution of Plaintiffs' loan as well as other loans that were contributed to the SURF2006-AB2 Trust involving prohibited transactions pursuant to 26 U.S.C. § 860F(a)(1).

COMPLAINT

33



120. Wherefore, Plaintiffs request that this court declare that the Plaintiffs' loan **was** less than the Value-To-Loan ratio requirement, at time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore **VOID**. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 Trust involving prohibited transactions pursuant to 26 U.S.C. § 860F(a)(1) and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

## FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF COUNT - 4 "DOES THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 COMPLY WITH THE "TIMING REQUIREMENT" OF 26 U.S.C. §§ 860A-860G?"

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

121. Plaintiffs re-allege all preceding paragraphs 1-120 and incorporate them by reference as if fully set forth herein.

122. For their fourth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 complies with the "Timing Requirement" of 26 U.S.C. §§ 860A-860G.

COMPLAINT

34

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

123. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the Plaintiffs' loan complies with the "Timing Requirement" of 26 U.S.C. §§ 860A-860G at the time the ADOT, recorded in the Clark County Recorder's Office as Instrument No. 20110616-0002478, was executed.

124. Plaintiffs are informed and believe, and based on such information and beliefs, aver that taxation on contributions after startup are governed by 26 U.S.C. §§ 860G(d)(1) which states:

**"Except as provided in paragraph (2), if any amount is contributed to a REMIC after the startup day, there is hereby imposed a tax for the taxable year of the REMIC in which the contribution is received equal to 100 percent of the amount of such contribution."**

125. Plaintiffs are informed and believe, and based on such information and beliefs, aver that if this Court determines that the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, is a valid conveyance, it is a contribution of Plaintiffs' loan to the Trust after the startup as governed by 26 U.S.C. §§ 860G(d)(1) and as such created a taxable event equal to 100 percent of the amount of the Plaintiffs' loan.

126. Plaintiffs are informed and believe, and based on such information and beliefs, aver that none of the Defendants have reported or paid the mandatory imposed tax equal to 100 percent of the amount of the Plaintiffs' loan as a result of the conveyance purported by the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and as such Plaintiffs are bringing this information forward and are entitled to monies from the IRS for identifying the contribution of Plaintiffs' loan as well as other loans contributed to the SURF2006-AB2 Trust after the startup day.

127. Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 **does not** comply with

COMPLAINT

35

the "Timing Requirement" of 26 U.S.C. §§ 860A-860G and is therefore **VOID**. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 Trust after the startup day as governed by 26 U.S.C. §§ 860G(d)(1) and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

### FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF COUNT - 5 "DOES THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 CONVEY A NOTE AND DEED OF TRUST THAT IS A "QUALIFIED LOAN" as defined by 26 U.S.C. §§ 860A-860G?"

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

128. Plaintiffs re-allege all preceding paragraphs 1-127 and incorporate them by reference as if fully set forth herein.

129. For their fifth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 complies with the "Qualified Loan Requirement" of 26 U.S.C. §§ 860A-860G.

130. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief

COMPLAINT

36

in the form of a Court Order as to whether or not the Plaintiffs' loan complies with the "Qualified Loan Requirement" of 26 U.S.C. §§ 860A-860G at the time the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, was executed.

131. Plaintiffs are informed and believe, and based on such information and beliefs, aver that taxation on prohibited transactions are governed by 26 U.S.C. § 860F(a)(1) which states:

> **"There is hereby imposed for each taxable year of a REMIC a tax equal to 100 percent of the net income derived from prohibited transactions.**

132. Plaintiffs are informed and believe, and based on such information and beliefs, aver that if this Court determines that the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, is a valid conveyance, it is a contribution of Plaintiffs' loan, which was a violation the "Qualified Loan Requirement" of 26 U.S.C. §§ 860A-860G and therefore a prohibited transaction as governed by 26 U.S.C. § 860F(a)(1) and as such created a taxable event equal to 100 percent of the amount of the Plaintiffs' loan.

133. Plaintiffs are informed and believe, and based on such information and beliefs, aver that none of the Defendants have reported or paid the mandatory imposed tax equal to 100 percent of the amount of the Plaintiffs' loan as a result of the conveyance purported by the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and as such Plaintiffs are bringing this information forward and are entitled to monies from the IRS for identifying the contribution of Plaintiffs' loan as well as other loans that were contributed to the SURF2006-AB2 Trust that were prohibited transactions.

134. Wherefore, Plaintiffs request that this court declare that the Plaintiffs' loan **was** a violation of the "Qualified Loan" requirement, at time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore **VOID**. Or as the alternative, demonstrate that contribution of

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 Trust involving prohibited transactions as governed by 26 U.S.C. § 860F(a)(1) and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

## SIXTH CAUSE OF ACTION

## DECLARATORY RELIEF COUNT - 6 "IS THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 A "DEFECTIVE OBLIGATION" PURSUANT TO 26 U.S.C. §§ 860A-860G?"

### (against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

135. Plaintiffs re-allege all preceding paragraphs 1-134 and incorporate them by reference as if fully set forth herein.

136. For their sixth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 transfers a "Defective Obligation" pursuant to 26 U.S.C. §§ 860A-860G.

137. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County

Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 transfers a "Defective Obligation" pursuant to 26 U.S.C. §§ 860A-860G.

138. Plaintiffs are informed and believe, and based on such information and beliefs, aver that taxation on prohibited transactions are governed by 26 U.S.C. § 860F(a)(1) which states:

**"There is hereby imposed for each taxable year of a REMIC a tax equal to 100 percent of the net income derived from prohibited transactions.**

139. Plaintiffs are informed and believe, and based on such information and beliefs, aver that if this Court determines that the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, is a valid conveyance, it is a contribution of Plaintiffs' loan, which transfers a "Defective Obligation" pursuant to 26 U.S.C. §§ 860A-860G and therefore a prohibited transaction as governed by 26 U.S.C. § 860F(a)(1) and as such created a taxable event equal to 100 percent of the amount of the Plaintiffs' loan.

140. Plaintiffs are informed and believe, and based on such information and beliefs, aver that none of the Defendants have reported or paid the mandatory imposed tax equal to 100 percent of the amount of the Plaintiffs' loan as a result of the conveyance purported by the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and as such Plaintiffs are bringing this information forward and are entitled monies from the IRS for identifying the contribution of Plaintiffs' loan as well as other loans that were contributed to the SURF2006-AB2 Trust that were prohibited transactions.

141. Wherefore, Plaintiffs request that this court declare that the contribution of Plaintiffs' loan, transfers a "Defective Obligation", at the time the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore **VOID**. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

39

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

AB2 Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 Trust involving prohibited transactions as governed by 26 U.S.C. § 860F(a)(1) and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

**SEVENTH CAUSE OF ACTION**

**DECLARATORY RELIEF COUNT - 7 "DOES THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 VIOLATE THE "BANKRUPTCY REMOTE" REQUIREMENT PURSUANT TO 26 U.S.C. §§ 860A-860G?"**

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

142. Plaintiffs re-allege all preceding paragraphs 1-141 and incorporate them by reference as if fully set forth herein.

143. For their seventh and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 violates the "Bankruptcy Remote" requirements pursuant to 26 U.S.C. §§ 860A-860G.

144. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 violates the "Bankruptcy Remote" requirements pursuant to 26 U.S.C. §§ 860A-860G.

COMPLAINT

40



145. Plaintiffs are informed and believe, and based on such information and beliefs, aver that 26 U.S.C. §§ 860A-860G requires that assets being transferred into a REMIC trust must be "Bankruptcy Remote" and that Bankruptcy Remoteness is obtained by having two separate "True Sale" transactions separating the Loan Originator from the REMIC trust. One of the parties required to participate in the two separate "True Sale" transactions is identified in the Prospectus as the "Depositor".

146. Plaintiffs are informed and believe, and based on such information and beliefs, aver that none of the parties identified in the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, were the "Depositor" for the SURF2006-AB2 Trust and therefore a prohibited transaction.

147. Plaintiffs are informed and believe, and based on such information and beliefs, aver that taxation on prohibited transactions are governed by 26 U.S.C. § 860F(a)(1) which states:

**"There is hereby imposed for each taxable year of a REMIC a tax equal to 100 percent of the net income derived from prohibited transactions.**

148. Plaintiffs are informed and believe, and based on such information and beliefs, aver that if this Court determines that the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, is a valid conveyance, it is a contribution of Plaintiffs' loan, which was a violation the "Bankruptcy Remote" requirements pursuant to 26 U.S.C. §§ 860A-860G and therefore a prohibited transaction as governed by 26 U.S.C. § 860F(a)(1) and as such created a taxable event equal to 100 percent of the amount of the Plaintiffs' loan.

149. Plaintiffs are informed and believe, and based on such information and beliefs, aver that none of the Defendants have reported or paid the mandatory imposed tax equal to 100 percent of the amount of the Plaintiffs' loan as a result of the conveyance purported by the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

as such Plaintiffs are bringing this information forward and are entitled monies from the IRS for identifying the contribution of Plaintiffs' loan as well as other loans contributed to the SURF2006-AB2 Trust that were prohibited transactions.

150. Wherefore, Plaintiffs request that this court declare that the contribution of Plaintiffs' loan **was a** violation of the "Bankruptcy Remote" requirements pursuant to 26 U.S.C. §§ 860A-860G, at time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore **VOID**. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 Trust involving prohibited transactions pursuant to 26 U.S.C. § 860F(a)(1) and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

///

///

///

///

///

///

///

COMPLAINT

42

**EIGHTH CAUSE OF ACTION**

**DECLARATORY RELIEF COUNT - 8 "DOES THE DELIVERY AND/OR TRANSFER OF THE PLAINTIFFS' NOTE YEARS AFTER THE TRUST'S CLOSING DATE RENDER THE REMIC STATUS OF THE TRUST VOID PURSUANT TO 26 U.S.C. §§ 860A-860G?"**

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

151. Plaintiffs re-allege all preceding paragraphs 1-150 and incorporate them by reference as if fully set forth herein.

152. For their eighth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the delivery and/or transfer of the Plaintiffs' Note years after the Trust's closing date renders the REMIC status of the Trust void pursuant to 26 U.S.C. §§ 860A-860G.

153. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 constitutes delivery and/or transfer of the Plaintiffs' Note years after the Trust's closing date rendering the REMIC status of the Trust void pursuant to 26 U.S.C. §§ 860A-860G.

154. Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 renders the REMIC status of the Trust **void** pursuant to 26 U.S.C. §§ 860A-860G. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such Plaintiffs are

COMPLAINT

43

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

bringing this information forward and are entitled monies from the SEC for identifying the contribution of Plaintiffs' loan as well as other loans contributed to the SURF2006-AB2 Trust that were in direct conflict with documents filed with the SEC.

## NINTH CAUSE OF ACTION

## DECLARATORY RELIEF COUNT - 9 "IS THE DELIVERY AND/OR TRANSFER OF THE PLAINTIFFS' NOTE YEARS AFTER THE TRUST'S CLOSING DATE A VIOLATION OF SEC LAW?"

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

155. Plaintiffs re-allege all preceding paragraphs 1-154 and incorporate them by reference as if fully set forth herein.

156. For their ninth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a violation of SEC law.

157. Plaintiffs are informed and believe, and based on such information and beliefs, aver that as it would appear to be in direct conflict with documents recorded by SURF2006-AB2 with the SEC, the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is either in violation of SEC law or is "VOID".

158. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a violation of SEC law or is "VOID".

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

159. Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 does not comply with documents recorded by SURF2006-AB2 with the SEC, and is therefore **VOID**. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such Plaintiffs are bringing this information forward and are entitled monies from the SEC for identifying the contribution of Plaintiffs' loan as well as other loans contributed to the SURF2006-AB2 Trust that were in direct conflict with documents filed with the SEC.

## TENTH CAUSE OF ACTION

## DECLARATORY RELIEF COUNT - 10 "IS THE DELIVERY AND/OR TRANSFER OF THE PLAINTIFFS' NOTE YEARS AFTER THE TRUST'S CLOSING DATE A VIOLATION OF NEW YORK'S ESTATES, POWERS & TRUSTS LAW?"

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

160. Plaintiffs re-allege all preceding paragraphs 1-159 and incorporate them by reference as if fully set forth herein.

161. For their tenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is either a violation of New York's Estates, Powers & Trusts Law or is "VOID".

162. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief

COMPLAINT

45

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a violation of New York's Estates, Powers & Trusts Law or is "VOID".

163. Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 **does not** comply with New York's Estates, Powers & Trusts Law, and is therefore **"VOID"**.

## ELEVENTH CAUSE OF ACTION

## DECLARATORY RELIEF COUNT - 11 "DOES THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 COMPLY WITH THE "TIMING REQUIREMENT" OF THE PROSPECTUS?"

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

164. Plaintiffs re-allege all preceding paragraphs 1-163 and incorporate them by reference as if fully set forth herein.

165. For their eleventh and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 complies with the "Timing Requirement" of the PROSPECTUS.

166. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 complies with the "Timing Requirement" of the PROSPECTUS or is "VOID".

COMPLAINT

167. Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 **does not** comply with the "Timing Requirement" of the PROSPECTUS and is "VOID".

## TWELFTH CAUSE OF ACTION

## DECLARATORY RELIEF COUNT - 12 "DOES THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 CONVEY A "QUALIFIED LOAN" PURSUANT TO THE PROSPECTUS?"

(against Defendants USBANK, SURF2006-AB2,  MERS and Associates in Fact)

168. Plaintiffs re-allege all preceding paragraphs 1-164 and incorporate them by reference as if fully set forth herein.

169. For their twelfth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 conveys a "Qualified Loan" pursuant to the PROSPECTUS.

170. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 complies with the "Qualified Loan Requirement" of the PROSPECTUS or is "VOID".

171. Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 **does not** convey a "Qualified Loan" pursuant to the PROSPECTUS and is "VOID".

///

///

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

47

### THIRTEENTH CAUSE OF ACTION

### DECLARATORY RELIEF COUNT - 13 "DOES THE ASSIGNMENT IDENTIFIED AS INSTRUMENT NUMBER 20110616-0002478 CONVEY A "DEFECTIVE OBLIGATION" PURSUANT TO THE PROSPECTUS?"

(against Defendants USBANK, SURF2006-AB2, MERS and Associates in Fact)

172. Plaintiffs re-allege all preceding paragraphs 1-171 and incorporate them by reference as if fully set forth herein.

173. For their thirteenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 conveys a "Defective Obligation" pursuant to the PROSPECTUS.

174. Plaintiffs are informed and believe, and based on such information and beliefs, aver that this Court is the proper authority to interpret public policy, as SEC and IRC statutes, and Declaratory Relief in the form of a Court Order as to whether or not the ADOT, recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 conveys a "Defective Obligation" in conflict with the PROSPECTUS or is "VOID".

175. Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 **does** convey a "Defective Obligation" in conflict with the PROSPECTUS or is "VOID".

///

///

///

///

///

COMPLAINT

48

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

## FOURTEENTH CAUSE OF ACTION

## CANCELLATION OF INSTRUMENTS

(against all Defendants, and Associates in Fact)

176. Plaintiffs re-allege all preceding paragraphs 1-175, and incorporate them by reference as if fully set forth herein.

177. For their fourteenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 should be cancelled.

178. When a homeowner obtains a loan to purchase a home, they are required to sign two documents: a promissory note and a mortgage (or Deed of Trust). While a promissory note is basically an IOU that contains the promise to repay the loan, the mortgage or Deed of Trust is the document that pledges the property as security for the loan. It is the mortgage or Deed of Trust that permits a lender to foreclose if a borrower fails to make the monthly payments.

179. Mortgage transfers between banks are common; however, when a mortgage is transferred from one party to another, it must be documented and recorded in the county records. The document used to transfer a mortgage from one mortgagee to another is called an assignment of mortgage. Like mortgages, when a Deed of Trust is transferred from one party to another, it must be documented and recorded in the county records. The document used to transfer a Deed of Trust from one beneficiary to another is called an assignment of Deed of Trust.

180. Assignments and endorsements are the ways that these documents are transferred between banks. An "assignment" is the document that is the legal record of this transfer from one mortgagee to another. In a typical transaction, when the mortgagee sells the debt to another bank, an assignment is recorded and the promissory note is endorsed (signed over) to the new bank. These documents

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

49

are separate and each has its own distinct set of rules that are governed by Article 3 and Article 9 of the New York Uniform Commercial Code.

181. When mortgages are transferred frequently, assignments are sometimes neglected. Defendant MERS, a company created by the mortgage banking industry, was developed to track ownership of mortgages. This eliminates the need for separate assignments when the loan is transferred. In some mortgage transactions, the mortgage will designate MERS as the mortgagee (solely as a nominee for the lender). These loans are referred to by MERS as Original Mortgagee (MOM) loans. In other cases, the loan may be assigned to MERS (solely as a nominee for the lender) at some point later in its life cycle after the loan closes. MERS then acts as an agent for the owner of the loan, but it never owns the mortgage loan or services it.

182. Plaintiffs are informed and believe, and based on such information and beliefs, aver that WILMINGTON relinquished its rights, title, and interest to Plaintiffs' loan. An assignment transfers all of the interest the original mortgagee had under the mortgage (or Deed of Trust) to the new bank. Generally, the mortgage (or Deed of Trust) is recorded shortly after the mortgagors sign it and, if the mortgage is subsequently transferred, each assignment is to be recorded in the county land records.

183. Plaintiffs further allege that Defendant MERS purportedly assigned Plaintiffs' Note and Deed of Trust thru assignment of the Note and Deed of Trust recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478.

184. However, since the loan was neither properly transferred nor transferred in a timely manner to the Trust, Defendants have no legal authority to foreclose and the assignments are void ab initio. Also Wilmington Finance, Inc. lacks any authority because it sold its ownership interest in Plaintiffs' loan.

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

185. Plaintiffs allege that for the foregoing reasons, no Defendant in this action has a right to foreclose and has no rights to assert against Plaintiffs' home.

186. As alleged above, although the assignment, substitutions and notice of Trustee sale appear valid on their face, they are invalid and of no legal force and effect, for the reasons set forth above including, inter alia, the Deed of Trust which purportedly secured the Note, which served as the basis for a claim to have the right to conduct a non-judicial foreclosure which became void as a result of the bungled securitization and the Defendants acting without any legal standing and authority from the unknown beneficiary in the mortgage loan. Plaintiffs are damaged by clouds on their title.

187. Nevada Revised Statutes provides in part: "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, on that person's application, be so adjudged and ordered to be delivered up or canceled." Plaintiffs are informed and believe, and based on such information and beliefs, and thereon allege that the above written instruments affecting Plaintiffs' real property have become a nullity and that if left outstanding they could cause injury to Plaintiffs, or may be used vexatiously against them. Plaintiffs are further informed and believe that they are entitled to equitable relief from this Court in the form of having the aforesaid written instruments delivered up and canceled when the evidence to impeach or invalidate the aforesaid written instruments is lost or may throw a cloud and/or suspicion over Plaintiffs' title.

188. By virtue of Defendants' willful and wrongful conduct as herein alleged above, Plaintiffs are entitled to general and special damages according to proof at trial, but not less than $1,000,000.00, as well as punitive and exemplary damages as determined by this Court.

///

///

///

COMPLAINT

51

# FIFTEENTH CAUSE OF ACTION

## FRAUD AND DECEIT

(against all Defendants, and Associates in Fact)

189. Plaintiffs re-allege all preceding paragraphs 1-188 and incorporate them by reference as if fully set forth herein.

190. For their fifteenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the Defendants have engaged in fraud and deceit.

191. Plaintiffs allege that at the time that Plaintiffs were induced to engage in the conduct alleged herein, and continuing thereafter, Plaintiffs were led to believe that the aforementioned documents recorded by Defendants were true and valid.

192. When Defendants made the above representations, they knew or should have known them to be false and made these representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on these representations in the manner herein alleged, i.e., to make payments on their loan.  Defendants took affirmative steps to conceal the true facts from Plaintiffs: namely that no Defendant in this action has the right to foreclose.

193. The aforementioned conduct was an intentional misrepresentation, deceit, or concealment of material facts known to Defendants with the intention on their part of thereby depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship and conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

///

///

///

COMPLAINT

52

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

## SIXTEENTH CAUSE OF ACTION

## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

## (THE "Deceptive Practices Act")

(against all Defendants, and Associates in Fact)

194. Plaintiffs re-allege all preceding paragraphs 1-193 and incorporate them by reference as if fully set forth herein.

195. For their sixteenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the Defendants violated the N.Y. Gen. Bus. Law § 349 (the "Deceptive Practices Act").

196. Defendants conducted a business or furnished a service as those terms are used in N.Y. Gen. Bus. Law § 349 (the "Deceptive Practices Act").

197. Defendants knowingly and willfully violated the Deceptive Practices Act by engaging in acts and practices that were misleading in a material way, unfair, deceptive and contrary to public policy and generally recognized standards of business.

198. These practices have included but are not limited to:

a)   Defendants' conduct, for the reasons stated herein, is in direct violation of 15 U.S.C. § 1692, et seq.

b)   Defendants' conduct, for the reasons stated herein, is in direct violation of 15 U.S.C. § 1641(g).

c)   Defendants' conduct, for the reasons stated herein, is in direct violation of Nevada Revised Statutes.

d)   Defendants engaged in unfair, unlawful and fraudulent business practices with respect to mortgage loan servicing and related matters.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

e)   Defendants failed to disclose the principal for which documents were being executed and recorded in violation of Nevada Revised Statutes.

f)   Defendants demanded and accepted payments for debts that were non-existent.

g)   Defendants reported payments as late to credit bureaus without the legal right or authority to do so.

h)   Defendants acted as a beneficiary without the legal authority to do so.

i)   Defendants facilitated, aided and abetted the illegal, deceptive and unlawful enforcement of Plaintiffs' Note and Deed of Trust and engaged in other illegal debt collection activities.

j)   Plaintiffs allege, on information and belief, Defendant USBANK fraudulently enforced a debt obligation in which they had no pecuniary, equitable or legal interest. Defendants conduct is part of a fraudulent debt collection scheme.

199. Defendants' deceptive scheme originated in New York, involved communications and statements made in New York, and injured Plaintiffs in transactions that occurred in New York.

200. Defendants' practices have had and may continue to have a broad impact on consumers throughout New York State and in other parts of the United States.

201. Defendants' statements and actions described hereinabove entitle Plaintiffs to actual or increased damages, attorneys' fees and injunctive relief under N.Y. Gen. Bus. Law § 349(h).

///

///

///

///

///

///

COMPLAINT

54

Steven & Stephanie George
731 Autumn Moon Drive, Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

## SEVENTEENTH CAUSE OF ACTION

## VIOLATION OF NEVADA BUSINESS AND PROFESSIONAL CODE

(against all Defendants, and Associates in Fact)

202. Plaintiffs re-allege all preceding paragraphs 1-201 and incorporate them by reference as if fully set forth herein.

203. For their seventeenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and belief, aver that a genuine controversy exists as to whether or not the Defendants have committed one or more acts of unfair competition within the meaning of Nevada Business and Professional Code.

204. Defendants have engaged in unfair, unlawful and fraudulent business practices in the State of Nevada, as set forth above.

205. Plaintiffs allege that the Defendants' engaged in a pattern and practice of deceptive conduct in violation of the Nevada Deceptive Trade Practices Act ("DTPA"), Nev. Rev. Stat. §§ 598 et seq.

206. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Nevada Revised Statutes §§ 90.600 and 107, et seq.

207. Plaintiffs are informed and believe, and based on such information and belief, assert that Nevada Revised Statutes §§ 90.600 and 107, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct that is likely to deceive and is fraudulent in nature.

208. Defendants' conduct, for the reasons stated herein, is in direct violation of 15 U.S.C. § 1692, et seq.

209. Defendants' conduct, for the reasons stated herein, is in direct violation of 15 U.S.C. § 1641(g).

210. Defendants' conduct, for the reasons stated herein, is in direct violation of Nevada Penal code.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

55

211. Defendants engaged in unfair, unlawful and fraudulent business practices with respect to mortgage loan servicing and related matters.

212. Defendants failed to disclose the principal for which documents were being executed and recorded in violation of NRS §§ 90.600 and 107, et seq.

213. Defendants demanded and accepted payments for debts that were non-existent.

214. Defendants reported payments as late to credit bureaus without the legal right or authority to do so.

215. Defendants acted as a beneficiary without the legal authority to do so.

216. Defendants facilitated, aided and abetted the illegal, deceptive and unlawful enforcement of Plaintiffs' Note and Deed of Trust and engaged in other illegal debt collection activities.

217. As alleged herein, Plaintiffs' loan was not properly transferred to Defendant ALT 2005-56, who seeks to cause their purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices.

218. On information and belief, Defendants do not have a perfected security interest in Plaintiffs' loan such that they can enforce Plaintiffs' obligation and/or collect loan payments.

219. Plaintiffs allege, on information and belief Defendants fraudulently enforced a debt obligation in which they had no pecuniary, equitable or legal interest and conduct is part of a fraudulent debt collection scheme.

220. The Defendants conduct as described above was malicious because Defendants knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Deed of Trust. However, despite such knowledge, Defendants continued to demand and collect Plaintiffs' loan payments.

221. As more fully described above, Defendants' acts and practices are unlawful. This conduct is ongoing and continues to this date.

222. As more fully described above, Defendants' acts and practices are likely to deceive members of the public. This conduct is ongoing and continues to this date.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

223. As more fully described above, Defendants' acts and practices are unfair and the harm caused by their conduct outweighs any benefit that their conduct may have.  This conduct is ongoing and continues to this date.

224. Plaintiffs allege that by engaging in the above described acts and/or practices as alleged herein, Defendants violated several laws including NRS §§ 90.600 and 107, et seq. and must be required to disgorge all profits related to their unfair, unlawful and deceptive business practices.

225. Plaintiffs allege that Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors.  The scheme implemented by Defendants is designed to defraud consumers and enrich the Defendants.

226. The foregoing acts and practices have caused substantial harm to consumers, including Plaintiffs.

227. By reason of the foregoing, Defendants have been unjustly enriched, by collecting payments that they are not entitled to, and should be required to make restitution to Plaintiffs and other consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to NRS §§ 90.600 and 107, et seq.

228. As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiffs have been injured in that Defendants attempted to wrongfully foreclose and sell Plaintiffs' property.

229. As a direct and proximate result of the violations of NRS §§ 90.600 and 107, et seq. by Defendants, Plaintiffs have suffered actual pecuniary damages, including, but not limited to civil liability, restitution, injunctive relief preventing Defendants from continuing to collect mortgage payments, and attorneys' fees, in an amount to be proven at trial.

230. As a result of Defendants' violations of NRS §§ 90.600 and 107, et seq., Plaintiffs have been damaged in the following ways: (1) multiple parties may seek to enforce their debt obligation against them; (2) they have been paying the wrong party for an undetermined amount of time and

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

have overpaid in interest that was over calculated; (3) they are unable to determine whether they sent their monthly mortgage payments to the right party; (4) their ability to negotiate a loan modification with the true and correct owner has been prejudiced; (5) their credit and credit scores have been damaged; (6) they have expended significant funds to cover the cost of attorneys' fees and related costs.

## EIGHTEENTH CAUSE OF ACTION

## FOR VIOLATION OF 15 U.S.C. § 1692e

(against all Defendants, and Associates in Fact)

231. Plaintiffs re-allege all preceding paragraphs 1-230 and incorporate them by reference as if fully set forth herein.

232. For their eighteenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the Defendants violated § 1692e of Title 15 of the United States Code.

233. Defendant USBANK as the Trustee of the SURF2006-AB2 Trust is in the business where the principal purpose is to collect debts on behalf of the investors in the SURF2006-AB2 Trust. Defendants are responsible for regularly collecting debts owed to SURF2006-AB2 Trust. Defendants attempted to collect Plaintiffs' debt obligation on behalf of the SURF2006-AB2 Trust investors, rendering them a debt collector, pursuant to the Federal Debt Collection Practices Act ("FDCPA"). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

234. Federal law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt... including the false representation of... the character, amount, or legal status of any debt... and the threat to take any action that cannot legally be taken..." 12 U.S.C. § 1692e(2)(A)-(B).

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

235. Defendants attempted to collect on the Note under false pretenses, namely that Defendant USBANK was assigned Plaintiffs' debt when in fact they were not.

236. Defendants acted in a manner to mislead Plaintiffs into believing they had the authority to demand payments from them.

237. Defendants threatened to take action, namely engaging in collection and/or loan modification activities that cannot legally be taken by them.

238. As alleged herein, Plaintiffs' loan was not properly transferred to USBANK, who seeks to cause their purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices.

239. On information and belief Defendant USBANK does not have a perfected security interest in Plaintiffs' Note such that they can enforce Plaintiffs' obligation and/or collect loan payments.

240. Plaintiffs allege that Defendants falsely represented the status of Plaintiffs' debt and Defendants' ability to enforce and/or enter into a modification of Plaintiffs' debt obligation, occasioned from the fact they have no pecuniary, equitable or legal interest.

241. The conduct by Defendants as described above, was malicious because Defendants knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Deed of Trust. However, despite such knowledge, Defendants continued to demand and collect Plaintiffs' mortgage payments.

242. On information and belief, USBANK engaged and is engaging in a pattern and practice of defrauding Plaintiffs, in that during the entire life of the loan, Defendants failed to properly credit payments made, incorrectly calculated interest on the account, and failed to accurately debit fees.

243. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

244. Plaintiffs could not have reasonably known of the existence of a claim for violation of 15 U.S.C. § 1692e because Defendants fraudulently concealed the fact that they were not entitled to enforce Plaintiffs' debt obligation and that they were falsely representing the character and amount of

COMPLAINT

59

money still owing on the debt, and as such Plaintiffs assert that they are not authorized to provide a loan modification.

245. As a result of each and every Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and (4) declaratory relief from each and every Defendant herein.

246. Plaintiffs relied on USBANK's misrepresentations and have been damaged in the following ways: (1) multiple parties may seek to enforce their debt obligation against them; (2) they have paid the wrong party for an undetermined amount of time and overpaid in interest that was over calculated; (3) they are unable to determine whether they sent their monthly loan payments to the right party (4) their credit and credit scores have been damaged; (5) they have expended significant funds to cover the cost of attorneys' fees and related costs.

## NINETEENTH CAUSE OF ACTION

## FOR VIOLATION OF 15 U.S.C. § 1641(g)

(against all Defendants, and Associates in Fact)

247. Plaintiffs re-allege all preceding paragraphs 1-246 and incorporate them by reference as if fully set forth herein.

248. For their nineteenth and distinct cause of action Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the Defendants violated § 1641(g) of Title 15 of the United States Code.

249. Plaintiffs reside in the property and it is their principal residence.

250. The new subsection (g) added to Section 131 of TILA by Section 404 of The Helping Families Save Their Homes Act of 2009 states:

"(g) NOTICE OF NEW CREDITOR-

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

(1)      IN GENERAL. –In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

> (A) the identity, address, telephone number of the new creditor;

> (B) the date of transfer;

> (C) how to reach an agent or party having authority to act on behalf of the new creditor;

> (D) the location of the place where transfer of ownership of the debt is recorded; and

> (E) any other relevant information regarding the new creditor."

Failure to comply with the requirements of this new subsection 131(g) of TILA may result in civil liability for actual damages, legal fees and statutory damages under Section 130(a) of TILA.

251. Plaintiffs allege that Defendant USBANK allegedly and purportedly acquired ownership of their Note after May 2009.

252. "The Helping Families Save Their Homes Act of 2009" was expressly created by the legislature to avoid the secretive and purported "assignment" that took place here.  The Congressional intent of the Act is clear – it was enacted to assist borrowers in identifying who their purported lender is, so that they could contact them if they needed assistance saving their home.  Here, Plaintiffs did not get that opportunity since they were not notified as required under TILA.

253. Section 1641(g) was specifically enacted to protect homeowners in the position Plaintiffs now find themselves.

254. USBANK, as Trustee and Assignee, is purporting to be Plaintiffs' new creditor, as they are acting through their agents to enforce Plaintiffs' Note and Deed of Trust and can, therefore, be found to have violated 15 U.S.C. § 1641(g).

COMPLAINT

61

255. Here, Plaintiffs allege that USBANK, as Trustee and Assignee, as the beneficial party and creditor seeking to enforce this debt obligation, does not have any ownership claim in the mortgage and was not entitled to collect payments, declare a default, or foreclose on Plaintiffs' home.

256. An Assignment was executed and an interest in Plaintiffs' Note and Deed of Trust was purportedly transferred to Defendant USBANK. As the purported assignee of Plaintiffs' debt, Defendant USBANK is liable under TILA's notification guidelines. Although Plaintiffs dispute the validity of USBANK's claim, for the reasons alleged herein, USBANK was still required to follow the provisions of TILA as the purported new creditor.

257. Defendants purport to be a creditor under an alleged "assignment" and are alleged to have violated 15 U.S.C. § 1641(g).

258. Plaintiffs allege that § 131(g) of TILA applies to USBANK, as the purported and alleged assignee of Plaintiffs' loan. As the purported assignee of the Note, USBANK would also be the creditor as they would "stand in the shoes of the assignor", i.e., the originating lender who was also the creditor.

259. Section 131(g) of TILA requires USBANK, as assignee and creditor, to perform and comply with the requirements of the statute or otherwise face statutory and civil penalties and damages.

260. USBANK did not provide Plaintiffs with written notice within 30 days after the date on which they were allegedly assigned the mortgage.

261. Plaintiffs never received any notice indicating the exact date of the purported assignment of the interest in their Note, as required by § 131(g)(1)(B).

262. Plaintiffs never received any notice indicating how to reach an agent or party having authority to act on USBANK's behalf, as required by § 131(g)(1)(c).

263. Plaintiffs never received any notice indicating the location of the place where transfer of ownership of the debt is recorded, as required by § 131(g)(1)(D).

COMPLAINT

62

264. Plaintiffs never received any notice indicating any other relevant information regarding the new creditor, purportedly USBANK, as required by § 131(g)(1)(E).

265. Plaintiffs could not have reasonably known of the existence of a TILA violation because Defendants fraudulently concealed the fact that they were purportedly assigned the interest in Plaintiffs' Note and Deed of Trust.

266. USBANK violated 15 U.S.C. § 1641 and is subject to statutory damages, civil liability, penalties, attorneys' fees, and actual damages.  See 15 U.S.C. § 1640.

## TWENTIETH CAUSE OF ACTION

## STATUTORILY DEFECTIVE FORECLOSURE

(against all Defendants, and Associates in Fact)

267. Plaintiffs re-allege all preceding paragraphs 1-266 and incorporate them by reference as if fully set forth herein.

268. For their twentieth and distinct cause of action Plaintiffs are informed and believe, and based on such information and belief, aver that a genuine controversy exists as to whether or not the non-judicial foreclosure is a "Statutorily Defective Foreclosure" under Nevada Revised Statutes.

269. Plaintiffs are informed and believe, and based on such information and belief, aver that in Nevada, the deed of trust does not convey title so as to allow the beneficiary to obtain the property without foreclosure and sale, but is considered merely a lien on the property as security for the debt, subject to the laws on foreclosure and sale. (see Hamm v. Arrowcreek Homeowners' Ass'n, 124 Nev. 290, 298-99,183 P.3d 895, 901-02 (2008); Orr v. Ulyatt, 23 Nev. 134, 140, 43 P. 916, 917-18 (1896).

270. Plaintiffs are informed and believe, and based on such information and belief, aver that to enforce the obligation by non-judicial foreclosure and sale, "[t]he deed and note must be held together because the holder of the note is only entitled to repayment, and does not have the right under the

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

deed to use the property as a means of satisfying repayment." (see Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1039 (9th Cir. 2011).

271. Plaintiffs are informed and believe, and based on such information and belief, aver that "Conversely, the holder of the deed alone does not have a right to repayment and, thus, does not have an interest in foreclosing on the property to satisfy repayment." Id.; (see also Leyva v. National Default Servicing Corp., 127 Nev. _, _, 255 P.3d 1275, 1279-80 (2011) (recognizing that the note and the deed of trust must be held by the same person to foreclose under NRS Chapter 107).

272. Defendants have commenced foreclosure of Plaintiffs' property through the non-judicial statutory scheme set forth in Nevada. Their action is improper because they own no beneficial interest in the collateral (i.e., Deed of Trust) and have unlawfully commenced the foreclosure process based on purported transfers, assignments and endorsements of the Note and Deed of Trust to which the Defendants claim the beneficial rights and interests. As discussed below, Defendants' claimed interest is false.

273. As alleged above, the purported assignments have two (2) major defects which render any interests assigned void ab inito as follows:

**FIRST DEFECT**

274. MERS cannot hold an interest in property. The ADOT also purportedly assigned Plaintiffs' Note. MERS cannot legally receive a NOTE.

275. By virtue of the above-referenced defects in the documents executed by the original lender, all of the assignments, Notice of Default, Substitutions of Trustee, and Trustee's Sale were and are void and without any legal effect. Since the original Deed of Trust was never properly and lawfully assigned and the Note has been sold, there has been a permanent separation of the Note and collateral which as a matter of law renders the collateral void.

COMPLAINT

64

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

276. Defendant MERS executed an assignment of Deed of Trust purportedly transferring all beneficial interest to Defendant USBANK as Trustee for SURF2006-AB2, together with the Note.

**SECOND DEFECT**

277. As alleged herein, Defendant USBANK as Trustee for SURF2006-AB2 had to comply with certain terms and conditions, which are set forth in the Prospectus in accordance with certain New York State laws regarding trusts and certain Federal Internal Revenue statutes concerning Real Estate Investment Mortgage Conduit ("REMIC"). The PSA for Defendant USBANK as Trustee for SURF2006-AB2 had a closing date of the Trust on May 31, 2006. Pursuant to 26 U.S.C. § 860 A-G, a mortgage backed security trust can only receive qualified investments. Defendants filed a Notice of Default reflecting that Plaintiffs' Note was in default and as such, at the time of the purported transfer to Defendant SURF2006-AB2, Plaintiffs' loan was not a qualified investment and could not be accepted into the trust pool.

278. Defendants' purported transfer of Plaintiffs' loan to Defendant SURF2006-AB2 was after May 31, 2006, the closing date for the Trust. Any transfers after the closing date, are void and a violation of public policy and the IRC. Additionally, any transfer after the closing date is prohibited by the REMIC statute in order to preserve the tax treatment provided to the Trust.

279. These defects are incurable and render any assignments void. Since the purported assignment was the basis for the non-judicial foreclosure, finding them void provides no beneficial right or interest and prevents the non-judicial foreclosure process from proceeding.

280. Upon information and belief, none of the Defendants were the purported foreclosing beneficiary upon the property.

281. As set forth above, since Defendant USBANK's status as beneficiary is void ab initio, Defendants did not have the authority to exercise the power of sale clause within the Deed of Trust and therefore

COMPLAINT

lacked the authority to appoint a Substitute Trustee and/or initiate foreclosure based upon defaults known to Defendants.  Consequently, the entire foreclosure procedure is statutorily defective.

282. Plaintiffs allege that the foreclosure proceedings were initiated by Defendants without privilege and with malice, as the Defendants knew that they were not the true beneficiary and/or creditor and thus a "default" could never have occurred.

283. As stated above, Defendants were not owed any money; could not duly appoint a substituted Trustee; and had no pecuniary interest in the loan nor was the beneficiary of the Note and Deed of Trust.  Therefore, despite the fact that said Defendants knew that they were not the true beneficiary or creditor and thus no "default" had occurred, they proceeded with the foreclosure process.

284. Defendants falsely represented to Plaintiffs that if they did not pay Defendants, Plaintiffs' home would be sold at a public auction.  Such actions are malicious and fraudulent.

Plaintiffs allege that the Notice of Default, Assignment of Deed of Trust, Substitution of Trustee and Notice of Trustee Sale were false, void and without privilege, for the reasons stated and discussed herein and in violation of Nevada Revised Statutes.

285. Upon information and belief, Plaintiffs allege the Note and Deed of Trust, as the same described above, were improperly pledged or sold to another party and such sale was not done in accordance with Article 3 or Article 9 of the New York or Nevada Commercial Code, was contrary to the documents filed with the SEC governing Defendants' Trust and the REMIC statute, and was therefore improper and failed to confer any legally cognizable rights in any party claiming to be a pecuniary beneficiary of Plaintiffs' Note and Deed of Trust.

286. As such, Plaintiffs allege that no true sale of the Note and Deed of Trust, as required per securitization documents, ever actually took place between any of the intermediaries in the securitization chain.  Thus, Plaintiffs are open to double or triple financial jeopardy from unknown claimants.

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT



287. At no point in time did the purported original beneficiary of the Deed of Trust assign its interest in the property to any purported holder in due course of the Note or mortgage.

288. Since Defendants had no interest that was assigned to them, they could not authorize to proceed with a foreclosure.

289. On information and belief, at the time Defendants commenced the foreclosure proceedings, they had no legal or equitable interest in the Note and Deed of Trust and thus no amount was owed from Plaintiffs to Defendants or the beneficiary of the Note and Deed of Trust.

290. Plaintiffs are informed and believe, and based on such information and belief, aver that in light of all of the aforementioned information, the non-judicial foreclosure is a "Statutorily Defective Foreclosure" under Nevada Revised Statutes.

291. Plaintiffs are informed and believe, and based on such information and belief, aver that neither Defendants nor their agents are/or possess the power or authority to invoke the "Power of Sale" clause and perform a non-judicial foreclosure.

292. Plaintiffs are informed and believe, and based on such information and belief, aver that neither Defendants nor their agents are/or possess the power or authority to substitute the Trustee under the Deed of Trust.

293. Plaintiffs are informed and believe, and based on such information and belief, aver that Defendants and/or their agents have recorded false information in the Clark County Recorder's Office.

294. Wherefore, Plaintiffs request that this court declare that the non-judicial foreclosure is a "Statutorily Defective Foreclosure" under Nevada Revised Statutes.

**THIRD DEFECT**

295. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT identified as Instrument No. 20110616-0002478 is prima facie evidence that the assignment fails

COMPLAINT

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel (702) 497-8661
Email: George.AutumnMoon@outlook.com

to be executed by 'Attorney in Fact" and as such it was not executed in the manner required and is therefore VOID.

296. Plaintiffs are informed and believe, and based on such information and beliefs, aver that for execution by an attorney in fact, requiring only that "[w]hen an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."

297. Plaintiffs are informed and believe, and based on such information and beliefs, aver that the ADOT did not subscribe the name of his principal to it, and his own name as attorney in fact as required and is therefore VOID.

## CONCLUSION

298. The complexity in this case comes not from the theory pled, but rather from the fact that the broad spectrum of law that this matter encompasses is complex and involved. Plaintiffs are informed and believe, and based on such information and beliefs, aver that if the Court declares that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event causing the Defendants to owe tens if not hundreds of millions of dollars in taxes, that Plaintiffs assert that the Defendants have not reported nor paid, making Plaintiffs third party beneficiaries as whistleblowers pursuant to 26 U.S.C. § 7801 (1982 as amended) for the purpose of reporting potential violations of Internal Revenue laws and Securities Laws. And if the Court declares that the ADOT is **VOID**, Defendants have committed fraud and deceit violating New York General Business Law § 349; Nevada Business and Professional Code, Et Seq.; 15 U.S.C. § 1692 Et Seq.; 15 U.S.C. § 1641(G); and Nevada Revised Statutes requiring the cancellation of instruments and the ruling that the foreclosure is Statutorily Defective. Plaintiffs have relied on the representations made by Defendants that the lender was their true creditor with the power to collect payments and modify their loan.  Plaintiffs

COMPLAINT

68

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com



need the declaration of the Court to determine whether or not the Defendants have any legal or corporate authority to engage in debt collection activities against them, and the authority to modify Plaintiffs' loan.

## **PRAYER FOR RELIEF**

Wherefore Plaintiffs request that this court declare: the parties have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment finding or concluding that:

   a.  Plaintiffs request punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

   b.  Plaintiffs request that this court declare that the Plaintiffs' loan **was** in default, at time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore **VOID**. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 REMIC Trust involving prohibited transactions as governed by 26 U.S.C. § 860F(a)(1) and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

   c.  Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 does not comply with the "Timing Requirement" of 26 U.S.C. §§ 860A-860G as is therefore VOID. Or as the

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

69

alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 REMIC Trust after the startup day and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

d. Plaintiffs request that this court declare that the Plaintiffs' loan was a violation of the "Qualified Loan" requirement, at time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore VOID. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 REMIC Trust involving prohibited transactions and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

e. Plaintiffs request that this court declare that the contribution of Plaintiffs' loan, transfers a "Defective Obligation", at time of the ADOT recorded in the Clark County Recorder's Office

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

COMPLAINT

on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore VOID. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 REMIC Trust involving prohibited transactions and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

f.  Plaintiffs request that this court declare that the contribution of Plaintiffs' loan was a violation of the "Bankruptcy Remote" requirements pursuant to 26 U.S.C. §§ 860A-860G, at time of the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478, and was consequently a prohibited transaction and is therefore VOID. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such created a taxable event equal to 100 percent of the amount of the loans identified by Plaintiffs that were contributed to the SURF2006-AB2 REMIC Trust involving prohibited transactions and to require Defendants to provide the tax returns that identified the taxable event(s) and that a tax equal to 100 percent of the amount of the loans identified by Plaintiffs was paid.

COMPLAINT

71

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel. (702) 497-8661
Email: George.AutumnMoon@outlook.com

g.  Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 renders the REMIC status of the Trust void pursuant to 26 U.S.C. §§ 860A-860G. Or as the alternative, demonstrate that contribution of Plaintiffs' loan as well as the loans identified by Plaintiffs that were transferred to the SURF2006-AB2 REMIC Trust were not void by ordering Defendants to produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such Plaintiffs are bringing this information forward and are entitled to monies from the SEC for identifying the contribution of Plaintiffs' loan as well as other loans contributed to the SURF2006-AB2 REMIC Trust that were in direct conflict with documents filed with the SEC.

h.  Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 does not comply with documents recorded by SURF2006-AB2 with the SEC, and is therefore VOID. Or as the alternative, order Defendants produce the Opinion Letter authorizing the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 is a true and valid transaction and as such Plaintiffs are bringing this information forward and are entitled to monies from the SEC for identifying the contribution of Plaintiffs' loan as well as other loans contributed to the SURF2006-AB2 REMIC Trust that were in direct conflict with documents filed with the SEC.

i.  Wherefore, Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 does not comply New York's Estates, Powers & Trusts Law, and is therefore "VOID".

COMPLAINT

72

j.  Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 does not comply with the "Timing Requirement" of the Prospectus and is therefore "VOID".

k.  Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 does not comply with the "Qualified Loan" of the Prospectus and is therefore "VOID".

l.  Plaintiffs request that this court declare that the ADOT recorded in the Clark County Recorder's Office on June 27, 2011 as Instrument No. 20110616-0002478 does convey a "Defective Obligation" pursuant the Prospectus and is therefore "VOID".

m.  Plaintiffs request that this court declare that the Defendants have violated the Federal False Claims Act.

n.  Plaintiffs request that this court declare that the Defendants have violated the Fair Debt Collection Act.

o.  Plaintiffs request that this court declare that the Defendants have violated the Truth in Lending Act.

p.  Plaintiffs request that this court declare that the Defendants have committed Civil Conspiracy.

q.  Plaintiffs request that this court declare that the Defendants have violated Nevada Business and Professional Code, et seq.

r.  Plaintiffs request that this court declare that the foreclosure is Statutorily Defective.

s.  Plaintiffs request that this court declare that there is no evidence of an effective delivery to the Specialty Underwriting and Residential Finance Trust, Series 2006-AB2, and the ADOT identified as Instrument No. 20110616-0002478 dated June 11, 2011 is void ab initio;

COMPLAINT

73

Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com



Steven & Stephanie George
731 Autumn Moon Drive Las Vegas, NV 89123-0713
Tel: (702) 497-8661
Email: George.AutumnMoon@outlook.com

t.  Plaintiffs request that this court declare that there is no actual Trust and no power of sale properly transferred to Defendants because there is no actual Trust over the Plaintiffs' property;

u.  Plaintiffs ask for any other and additional relief the court may find including but not limited to injunctive or other interim relief in Plaintiffs' favor.

v.  Actual Economic and Non-Economic damages.

w.  General Damages in excess of the minimum unlimited jurisdiction of this court, but according to proof at trial with such other and further relief as the court may deem reasonable and just under the circumstances.

x.  For a declaration of the rights and duties of the parties relative to the Plaintiffs' home to determine the actual status of the Note and Deed of Trust.

y.  For damages as provided by statutes.

z.  For an order enjoining the Defendants from continuing to violate the statutes alleged.

aa. For general and special damages according to proof at trial, but not less than $1,000,000.00 against Defendants;

bb. For statutory penalties for each separate statutory violation where allowed by statute;

cc. For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

dd. For restitution;

ee. For injunctive relief enjoining Defendants, their agents or employees, from pursuing further foreclosure proceedings against Plaintiffs' property;

ff. For a declaratory judgment finding that Defendants do not have any legal cognizable rights as to Plaintiffs' property, Plaintiffs' Note, Plaintiffs' Deed of Trust, or any other documents prepared by Defendants;

COMPLAINT

gg. For attorney's fees where authorized by statute or law;

hh. For costs of suit;

ii.  For such other relief as the court deems just and proper.

Dated this 30th day of June, 2015

STEVEN K. GEORGE
731 AUTUMN MOON DR
LAS VEGAS, NV 89123-0713
Plaintiff Pro Se

STEPHANIE GEORGE
731 AUTUMN MOON DR
LAS VEGAS, NV 89123-0713
Plaintiff Pro Se

COMPLAINT

75

S. George
731 Autumn Moon Drive
Las Vegas, NV 89123

United States District Court, District of Nevada
Attn: Clerk of the Court
333 Las Vegas Blvd. South
Las Vegas, NV 89101

