1  CINDY LEE STOCK, of counsel, #803
   KEVIN HAHN, #9821
2  MALCOLM ♦ CISNEROS
   2112 Business Center Drive, 2ND Floor
3  Irvine, California 92612
   Telephone:    (949) 252-9400
4  Facsimile:    (949) 252-1032
   kevin@mclaw.org
5
   608 South 8th Street
6  Las Vegas, NV 89101
   Telephone: (702) 382-1399
7
   Counsel for DEFENDANTS
8  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
   U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE
9  SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE
   TRUST, SERIES 2006-AB2; SPECIALTY UNDERWRITING AND
10 RESIDENTIAL FINANCE TRUST, SERIES 2006-AB2; U.S. BANK
   NATIONAL ASSOCIATION AS TRUSTEE FOR THE
11 CERTIFICATEHOLDERS OF SPECIALTY UNDERWRITING AND
   RESIDENTIAL FINANCE TRUST, SERIES 2006-AB2; MERRILL
12 LYNCH MORTGAGE INVESTORS, INC.

13                    **UNITED STATES DISTRICT COURT**

14                         **DISTRICT OF NEVADA**

15
   STEVEN K. GEORGE and                  Case No.: 2:15-cv-01254-RFB-GWF
16 STEPHANIE GEORGE

17              Plaintiffs,
                                         **DEFENDANTS' MOTION FOR**
18         vs.                           **SUMMARY JUDGMENT**

19 U.S. BANK NATIONAL ASSOCIATION AS
   TRUSTEE FOR THE SPECIALTY
20 UNDERWRITING AND RESIDENTIAL FINANCE
   TRUST, SERIES 2006-AB2; SPECIALTY
21 UNDERWRITING AND RESIDENTIAL FINANCE
   TRUST, SERIES 2006-AB2; U.S. BANK
22 NATIONAL ASSOCIATION AS TRUSTEE FOR
   THE CERTIFICATEHOLDERS OF SPECIALTY
23 UNDERWRITING AND RESIDENTIAL FINANCE
   TRUST, SERIES 2006-AB2; MERRILL LYNCH
24 MORTGAGE INVESTORS, INC.; MORTGAGE
   ELECTRONIC REGISTRATION SYSTEMS, INC.;
25 ROES 1-10 and DOES 1-10, inclusive, representing a
   class of unknown persons who claim or have the right
26 to claim an interest in certain real property located in
   Las Vegas, Nevada,
27
                Defendants.
28

                                    1

                  MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE AND PLAINTIFFS:**

Defendants MORTGAGE ELECTRONINC REGISTRATION SYSTEMS, INC. ("MERS"), U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, SERIES 2006-AB2, SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, SERIES 2006-AB2, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, SERIES 2006-AB2, and MERRILL LYNCH MORTGAGE INVESTORS, INC. (collectively as "Defendants") hereby moves hereby moves for summary judgment pursuant to Fed. R. Civ. P. 56. This Motion is made and based on the attached Memorandum of Points and Authorities, and upon all pleadings, papers, and documents on file herein, and any oral argument which may be presented at the time of the hearing.

Dated: July 6, 2016

MALCOLM ♦ CISNEROS

By: /s/ Kevin Hahn
KEVIN HAHN,
Counsel for DEFENDANTS,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR
THE SPECIALTY UNDERWRITING AND RESIDENTIAL
FINANCE TRUST, SERIES 2006-AB2; SPECIALTY
UNDERWRITING AND RESIDENTIAL FINANCE TRUST,
SERIES 2006-AB2; U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR THE CERTIFICATEHOLDERS OF
SPECIALTY UNDERWRITING AND RESIDENTIAL
FINANCE TRUST, SERIES 2006-AB2; MERRILL LYNCH
MORTGAGE INVESTORS, INC.

MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................1

II.     CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................1

III.    STANDARD OF REVIEW ..............................................................................2

IV.     PLAINTIFF'S CLAIMS ARE BARRED BY THE TENDER RULE ...............................3

V.      PLAINTIFF'S FIRST THIRTEEN CLAIMS ARE BASED ON THE
        PURPORTED SECURITIZATION OF THE LOAN FAIL AND SHOULD BE
        DISMISSED ...............................................................................................3

        A.      Securitization Does Not Nulify any Rights Granted Under the Deed of
                Trust ................................................................................................3

                1.      Plaintiffs Do Not Have Standing to Challenge Securitization ...................4

                2.      Securitization Does Not Affect Defendants' Right to Exercise the
                        Power of Sale ..................................................................6

                3.      Plaintiffs Have Not Alleged Facts Demonstrating Prejudice......................6

VI.     PLAINTIFFS FOURTEENTH CLAIM FOR CANCELLATION OF
        INSTRUMENTS FAILS......................................................................................7

VII.    PLAINTIFFS FIFTEENTH CLAIM FOR FRAUD AND DECEIPT FAILS...................8

VIII.   PLAINTIFFS SIXTEENTH CLAIM FOR VIOLATION OF NEW YORK
        GENERAL BUSINESS LAW §349 FAILS ............................................................9

IX.     PLAINTIFFS SEVENTEENTH CLAIM FOR VIOLATION OF NEVADA
        BUSINESS AND PROFESIONS CODE FAILS ............................................10

X.      PLAINTIFFS EIGHTEENTH CLAIM FOR VIOLATION OF 15 U.S.C. §1692E
        FAILS......................................................................................................11

        A.      Plaintiffs' Claim isTime Barred ...........................................................11

        B.      Plaintiffs' Claim Fails as a Matter of Law ............................................11

X1.     PLAINTIFFS NINETEENTH CLAIM FOR VIOLATION OF 15 U.S.C.
        §1641(G) FAILS ..................................................................................12

        A.      Plaintiffs' Claim isTime Barred ...........................................................12

        B.      Plaintiffs' Claim Fails to State a Cause of Action .................................13

X1I.    PLAINTIFFS TWENTIETH CLAIM FOR STATUTORILY DEFECTIVE
        FORECLUSRE FAILS ...................................................................................13

X11I.   CONCLUSION ............................................................................................14

i

TABLE OF CONTENTS

1

## TABLE OF AUTHORITIES

2

## CASES

3

*Amerson v. Clark Cnty.*,
    995 F. Supp. 2d 1155 (D. Nev. 2014) ...................................................................................2

4

*Aniel v. GMAC Mortg., LLC*,
    2012 WL 5389706, at *4 (N.D. Cal. Nov. 2, 2012)..................................................................5

5

6

*Animal Legal Defense Fund v. Mendes*,
    160 Cal.App.4th 136 (2008) ...............................................................................................11

7

*Bascos v. Fed. Home Loan Mortg. Corp.*,
    2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ................................................................6

8

9

*Beall v. Quality Loan Serv. Corp.*,
    2011 U.S. Dist. LEXIS 29184, at *18-19 (S.D. Cal. Mar. 21, 2011) ......................................13

10

*Bulbman, Inc. v. Nev. Bell*,
    108 Nev. 105, 825 P.2d 588 (1992) ......................................................................................8

11

12

*Casazza v. A-Allstate Abstract Company*,
    102 Nev. 340, --- P2d --- (1986) ..........................................................................................3

13

*Dick v. American Home Mortgage Servicing, Inc. et al.*,
    2013 U.S. District Lexis 133755, at *9 (E.D. Cal. Sept. 18, 2013) .........................................7

14

15

*Edelstein v. Bank of New York* Mellon,
    286 P.3d 249 (Nev.2012)....................................................................................................13

16

*Frazier v. Aegis Wholesale Corp.*,
    2011 U.S. Dist. LEXIS 145210, at *18 (N.D. Cal. Dec. 16, 2011) .........................................6

17

18

*Ganesan v. GMAC Mortgage, LLC*,
    2012 WL 4901440, at *4 (N.D. Cal. Oct. 15, 2012)................................................................5

19

*Glaski v. Bank of America, N.A.*,
    218 Cal.App.4th 1079 (2013) ...............................................................................................4

20

21

*Gutierrez v. U.S. Bank, NA*,
    2013 U.S. Dist. LEXIS 14319, at *4 (C.D. Cal. Feb. 1, 2013)................................................5

22

*Gutierrez v. Wells Fargo Bank*,
    2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009)..................................................................11

23

24

*Hall v. Time, Inc.*,
    158 Cal.App.4th 847 (2008) ...............................................................................................11

25

*In re Sandri*
    2013 WL 5925655, at *4-*5 (Bkrtcy. N.D. Cal. Nov. 5, 2013)...............................................4

26

27

*Jenkins v. JPMorgan Chase Bank, N.A.*,
    216 Cal. App. 4th 497 (2013) ..........................................................................................5, 6

28

*Kaiser Cement Corp. v. Fischbach & Moore, Inc.*,
   793 F.2d 1100 (9th Cir. 1986)................................................................2

*Keen v. Am. Home Mortgage Servicing, Inc.*,
   2009 WL 3380454, at *10-*11 (E.D. Cal. Oct. 21, 2009) ........................3

*Kraemer v. Kraemer*,
   79 Nev. 297, P.2d 394 (1963) ..................................................................3

*Lai v. Quality Loan Serv. Corp.*,
   2010 WL 3419179, at *2 (C.D. Cal. Aug. 26, 2010) .............................12

*Lane v. Vitek Real Estate Indus. Group*,
   713 F. Supp. 2d 1092 (E.D. Cal. 2010)....................................................6

*Larson v. Homecomings Financial, LLC*,
   680 F.Supp.2d1230 (D. Nev. 2009) ..........................................................3

*Laskin v. Bank of Am., N.A.*,
   No. 14406/07, 2009 N.Y. Misc. LEXIS 2574, at *39 (Sup. Ct. Nassau Co.
   Aug. 6, 2009)..........................................................................................10

*Logvinov v. Wells Fargo Bank*,
   2011 U.S. Dist. LEXIS 141988, at *9 (N.D. Cal. Dec. 9, 2011) ..............6

*M&T Bank Corp. Gemstone CDO VII, Ltd.*,
   No. 7064/08, 2009 WL 921381, at *16 (Sup. Ct. Erie Co. Apr. 7, 2009) ............10

*McIntosh v. Burroughs*,
   92 Nev. 417, fn. 4 --- P2d --- (1976) .......................................................3

*Meyer v. Ameriquest Mortg. Co.*,
   342 F.3d 899 (9th Cir. 2003)...................................................................12

*Miguel v. Country Funding Corp.*,
   309 F.3d 1161 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577
   (2003) ......................................................................................................12

*Morelli v. Morelli*,
   102 Nev. 326, 720 P.2d 704 (1986) .........................................................5

*Nool v. HomeQ Servicing*,
   653 F.Supp.2d 1047 (E.D. Cal. 2009)....................................................12

*Nwoke v. Countrywide Home Loans, Inc.*,
   251 Fed. Appx. 363 (7th Cir. 2007).......................................................11

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
   85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ...............................................10

*Perry v. Stewart Title Co.*,
   756 F.2d 1197 (5th Cir. 1985).................................................................12

*Siliga v. Mortg. Elec. Registration Sys., Inc.*,
   219 Cal.App.4th 75 (2013) .......................................................................7

iii

*State ex rel. Dept. of Highways v. Lo Bue*,
  83 Nev. 221 (1967) ........................................................................................................... 7

*Stutman v. Chemical Bank*,
  95 N.Y.2d 24, 709 N.Y.S.2d 892 (2000) ........................................................................ 9, 10

*U.S. Bank Nat'l Ass'n v. Pia*,
  73 A.D.3d 752, 901 N.Y.S.2d 104 (2d Dep't 2010) ............................................................ 10

*Wood v. Germann*,
  331 P.3d 859 ...................................................................................................................... 6

*Zoslow v. MCA Distrib. Corp.*,
  693 F.2d 870 (9th Cir. 1982) ................................................................................................ 3

## STATUTES

Fed. R. Civ. P. 56 ...................................................................................................................... 2

Nev. Rev. Stat. § 11.190.3(d) .................................................................................................... 9

## OTHER AUTHORITIES

Bus. & Prof. Code § 17200 ...................................................................................................... 10

Bus. & Prof. Code § 17204 ...................................................................................................... 11

Fair Debt Collection Practices Act 15 U.S.C. § 1641(g) ................................................... 12, 13

Fair Debt Collection Practices Act 15 U.S.C. § 1692 .............................................................. 11

Fair Debt Collection Practices Act 15 U.S.C. § 1692a(6)(F) .................................................. 12

Fair Debt Collection Practices Act 15 U.S.C. § 1692e ........................................................ 12, i

Fair Debt Collection Practices Act 15 U.S.C. § 1692k(d) ....................................................... 11

New York Gen. Bus. Law § 349 ........................................................................................... 9, 10

Truth in Lending Act 15 U.S.C. §§ 1635(f); 1640(e) .............................................................. 12

Truth in Lending Act 15 U.S.C. § 1640(a)(1) and 1640(a)(2)(A)(i),(iv) .................................. 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs Steven and Stephanie George (collectively, "Plaintiffs") brought this action seeking to stop the foreclosure sale of real property located located at 731 Autumn Moon Drive, Nevada. Plaintiffs claim that their loan was transferred to a loan trust after the trust closing date, in violation of the pooling and servicing agreement, as well as Nevada and New York law. Based on this theory, Plaintiffs assert that Defendants lacked standing to initiate foreclosure proceedings on the subject property.

Plaintiffs' first thirteen causes of action in their Complaint rely upon this argument.  The thirteen causes of action fail as a matter of law because the Plaintiffs do not have standing to make the claims under the pooling and servicing agreement.  A pooling and servicing agreement is a contract between the originating lender and the subsequent purchaser/trustee and under traditional principles of contract law, a contracting party is capable of ratifying conduct that is done in violation of the contract.  To the extent that the assignment in question is defective, it is merely voidable and not void.

Plaintiffs' seven other causes of action also fail as a matter of law for various reasons as detailed below.   Plaintiffs cannot show that there is any genuine issue as to any material fact. Accordingly, Defendants are entitled to judgment as a matter of law.

**II.   CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.     Plaintiffs borrowed $279,200.00 on or about April 12, 2006 to purchase real property located at 731 Autumn Moon Drive, Nevada ("Property"). Repayment of the loan was secured by a Deed of Trust, dated April 12, 2006, and recorded on April 18, 2006 in the Clark County records. Request for Judicial Notice ("RJN"), Exh. A.

2.     The Deed of Trust lists Wilmington Finance, Inc. as the Lender, Chicago Title Agency of Nevada as the Trustee, and MERS as the beneficiary. RJN, Exh. A.

3.     On June 16, 2011, an Assignment of Deed of Trust was recorded, assigning all beneficial interest under the Deed of Trust to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF SPECIALTY UNDERWRITING AND RESIDENTIAL

1

FINANCE TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-AB2. RJN, Exh. B.

3.      On August 29, 2011, a Notice of Default was recorded, showing that Plaintiffs were in default on their loan obligations. RJN, Exh. C.

4.      On August 16, 2013, an Assignment of Deed of Trust was recorded, assigning all beneficial interest under the Deed of Trust to NATIONSTAR MORTGAGE, LLC. RJN, Exh. D.

5.      Plaintiffs cannot produce any evidence that the June 16, 2011 Assignment was procured by fraud.  Plaintiffs' Response to Defendants' Interrogatories ("ROGS"), Nos. 10-14, pg. 5-7, Exh. E.

6.       Plaintiffs cannot produce any evidence to support their claim that there was a violation of the Fair Debt Collection Practices Act.  ROGS, No. 15, pg. 8, Exh. E.

7.      Plaintiffs cannot produce any evidence to support their claim that there was a violation of 15 U.S.C. § 1641(G) other than to refer to the assignments. ROGS, No. 16, pg. 8, Exh. E.

8.      Plaintiffs cannot produce any evidence of a statutorily defective foreclosure other than to allege that the assignments are prima facie evidence of a defect.  ROGS, No. 18, pg. 9, Exh. E.

9.      Plaintiffs cannot produce any evidence in support of their claim of a violation of New York General Business Law §349.  ROGS, No. 20, pg. 10, Exh. E.

**III.    <u>STANDARD OF REVIEW</u>**

In evaluating a motion for summary judgment, courts must view all facts and draw all inferences in the light most favorable to the nonmoving party.  See *Amerson v. Clark Cnty.*, 995 F. Supp. 2d 1155, 1159 (D. Nev. 2014) (citing *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986)).  Summary judgment shall be granted if the moving party demonstrates that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See Zoslow v. MCA Distrib.*

1 | *Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

2 | **IV.    PLAINTIFF'S CLAIMS ARE BARRED BY THE TENDER RULE.**

3 |        Nevada requires that actual tender of delinquent payments be made to the court.

4 | *McIntosh v. Burroughs*, 92 Nev. 417, 421 fn. 4 --- P2d --- (1976) (overruled as to other issues

5 | in *Casazza v. A-Allstate Abstract Company*, 102 Nev. 340, --- P2d --- (1986)).  *See also Larson*

6 | *v. Homecomings Financial, LLC*, 680 F.Supp.2d1230, 1237 (D. Nev. 2009)(mortgagors failed to

7 | allege that they were not in default on their loan obligations when mortgage lender initiated

8 | foreclosure proceedings, precluding their Nevada-law claim for wrongful foreclosure, regardless

9 | of lender's alleged fraudulent, malicious, and oppressive actions); *Kraemer v. Kraemer*, 79 Nev.

10 | 297, 292, 382 P.2d 394 (1963)(recovery of property is denied where Plaintiff was financially

11 | unable to redeem property despite evidence of fraud and procedural irregularities in

12 | foreclosure.).

13 |        In this case, Plaintiffs have not offered to tender to the Court or to Defendants amounts

14 | due and owing under the Note and Deed of Trust.  As a result, there is no likelihood of success

15 | for Plaintiffs' claim and their Complaint should be dismissed.  *See Keen v. Am. Home Mortgage*

16 | *Servicing, Inc.*, 2009 WL 3380454, at *10-*11 (E.D. Cal. Oct. 21, 2009) (plaintiff failed to

17 | allege "any facts supporting her ability to tender any payment" and "an immediate ability or

18 | willingness to tender payment").

19 | **V.    PLAINTIFFS' FIRST THIRTEEN CLAIMS ARE BASED ON THE**

20 | **PURPORTEDSECURITIZATION OF THE LOAN FAIL AND SHOULD BE**

21 | **DISMISSED.**

22 |    **A.    Securitization Does Not Nullify Any Rights Granted Under the Deed of Trust.**

23 |        The basic argument set forth by the Plaintiffs is that the loan was improperly securitized

24 | and accordingly Defendants cannot properly foreclose on the Property.  Plaintiffs allege that the

25 | securitization was improper because the loan was transferred into the loan trust after the closing

26 | date and the subsequent assignment of the deed of trust was allegedly defective.   Complaint, ¶

27 | 47.  Because of this purportedly defective securitization, Plaintiffs assert that Defendants had no

28 | right to foreclose.  Complaint, ¶ 90. Plaintiffs seek to have the Assignment of Deed of Trust

declared void.  Complaint, Prayer for Relief.

Plaintiffs' allegations appear to rely upon the theories raised in *Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079 (2013) which held that a securitized mortgage trustee's attempt to accept a loan after the trust's closing date would be void under New York law.  *Glaski* is a decision that has been soundly rejected by a series of decisions that have followed.  The Supreme Court of Nevada has ruled on the issue presented in *Glaski* in *Wood v. Germann*, --- Nev. ---, 331 P.3d 859 (2014) and has clearly rejected the holding in *Glaski*.  In *Wood*, the Court declined to follow Glaski, and agreed with the courts that have recognized that a pooling and servicing agreement is a contract between the originating lender and the subsequent purchaser/trustee and that under traditional principles of contract law, a contracting party is capable of ratifying conduct that is done in violation of the contract.  *Id.* at 861.  The Nevada Supreme Court concluded that the assignment in question was not void, but was merely voidable.  *Id.*

In another case, *In re Sandri,* Judge Montali of the U.S. Bankruptcy Court for the Northern District of California carefully considered – and declined to follow – *Glaski* in a decision dismissing an adversary proceeding.  *In re Sandri* 2013 WL 5925655, at *4-*5 (Bkrtcy. N.D. Cal. Nov. 5, 2013).  Noting that the *Glaski* court purported to apply New York trust law to find that an assignment violating a PSA is necessarily void, Judge Montali determined, to the contrary, that New York appellate courts "have repeatedly and consistently found that an act in violation of a trust agreement is voidable, not void."  *Id*. at *5 (emphasis added).  Judge Montali pointed out that the *Glaski* court cited only two cases in support of its interpretation of New York Trust law, one of which was a trial court decision that was called into doubt and the other was a Texas district court decision that relied on the questionable trial court decision.  *Id*.  Thus, Plaintiffs' theory, like the one presented in *Glaski*, is not only against the weight of authority applying Nevada law but also relies upon a questionable interpretation of New York trust law.  This Court, likewise, must follow the ruling made in *Wood* and should grant the Motion for Summary Judgment.

///

MOTION FOR SUMMARY JUDGMENT

1.     **Plaintiffs Do Not Have Standing To Challenge Securitization.**

Plaintiffs lack standing to challenge the securitization of the loan.  The Nevada Supreme Court sided with the majority of the courts on this issue because the reasoning of these courts "comports with Nevada law regarding who is entitled to enforce a contract."  *See Morelli v. Morelli,* 102 Nev. 326, 328, 720 P.2d 704, 705–06 (1986) (recognizing that a nonparty to a contract has standing to enforce the contract only when the nonparty is an intended third-party beneficiary)."  *Wood* at 861.  The Court found that the homeowner lacked standing to contest the validity of the assignment because the homeowner was neither a party to nor an intended third party beneficiary of the pooling and servicing agreement.  *Id.* at 862.

Other courts have likewise repeatedly found that borrowers lack standing to challenge or enforce pooling and servicing agreements.  *Jenkins v. JPMorgan Chase Bank*, N.A., 216 Cal. App. 4th 497, 515 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions"); *Gutierrez v. U.S. Bank, NA*, 2013 U.S. Dist. LEXIS 14319, at *4 (C.D. Cal. Feb. 1, 2013) (courts have "repeatedly rejected" borrower's attempts to challenge the securitization process because borrowers are neither parties to nor third-party beneficiaries of PSAs).  *See also Aniel v. GMAC Mortg., LLC*, 2012 WL 5389706, at *4 (N.D. Cal. Nov. 2, 2012) (plaintiffs lacked standing to challenge assignment of deed of trust based on noncompliance with [PSAs]); *Ganesan v. GMAC Mortgage, LLC*, 2012 WL 4901440, at *4 (N.D. Cal. Oct. 15, 2012) ("[T]o the extent Plaintiff bases her claim on the theory that Defendants allegedly failed to comply with the terms of a [PSA], the Court notes that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement.").

Plaintiffs lack standing to challenge the Assignment of the Deed of Trust based on alleged noncompliance with the PSA; therefore, summary judgment should be granted for Defendants on the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth claims for relief.

MOTION FOR SUMMARY JUDGMENT

### 2. Securitization Does not Affect Defendants' Right to Exercise the Power of Sale.

"[S]ecuritization of the loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust.  Securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the note, and does not change the relationship of the parties in any way." *Logvinov v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 141988, at *9 (N.D. Cal. Dec. 9, 2011)). "[S]ecuritization could not affect the terms of Plaintiffs' loan.  Securitization is simply a process by which a mortgage is made part of an investment vehicle." *Frazier v. Aegis Wholesale Corp.*, 2011 U.S. Dist. LEXIS 145210, at *18 (N.D. Cal. Dec. 16, 2011).

A power of sale, which Plaintiffs expressly granted in the Deed of Trust, is not nullified when a loan is securitized.  *Jenkins v.* JPMorgan *Chase Bank, N.A.,* 216 Cal.App.4th 497, 511 (2013) ("California courts have refused to delay the non-judicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosures."); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[t]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust"); *Logvinov v. WellsFargo Bank*, 2011 U.S. Dist. LEXIS 141998, at *9 (N.D. Cal. Dec. 9, 2011) ("the securitization merely creates a separate contract, distinct from plaintiff's debt obligations under the note, and does not change the relationship of the parties in any way.").  *Wood v. Germann,* 331 P.3d 859, also involved a securitized loan.  The Court recognized that the assignee of the deed of trust was entitled to enforce its note and proceed with foreclosure.  *Id.* at 862.

### 3. Plaintiffs Have Not Alleged Facts Demonstrating Prejudice.

When challenging improper securitization of a loan, a plaintiff must demonstrate that defendant's actions prejudiced plaintiff from making his or her mortgage payments.  *Fontenot*,

MOTION FOR SUMMARY JUDGMENT

198 Cal.App.4th at p. 272. Specifically, a plaintiff must show that a defendant's actions changed the plaintiff's obligations under the note, interfered with his ability to pay his debt or caused him to face foreclosure when he would not have under the original lender. *Id.* Several recent decisions are in agreement. *Siliga v. Mortg. Elec. Registration Sys., Inc.* 219 Cal.App.4th 75, 84-85 (2013) (upholding lower court's sustaining of demurrer without leave to amend, holding assignments of note and deed of trust did not change Plaintiff's payment obligations and therefore they failed to show prejudice.); *Dick v. American Home Mortgage Servicing, Inc. et al.,* 2013 U.S. District Lexis 133755, at *9 (E.D. Cal. Sept. 18, 2013) (dismissing Plaintiffs' claim because "[t]hey do not allege that the allegedly improper transfer interfered with their ability to pay their note or that the original lender would have refrained from foreclosure under the circumstances."). Here, Plaintiffs have failed to allege how the assignment interfered with their ability to make payments and avoid foreclosure.

Because the improper securitization allegations form the basis of Plaintiffs' first through thirteenth claims, summary judgment must be granted in favor of Defendants on each of them.

## VI. PLAINTIFFS' FOURTEENTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS.

In Plaintiffs' fourteenth claim for Cancellation of Instruments, they seek cancellation of the Assignment of Deed of Trust based on allegations that Defendants have no legal authority to foreclose and thus any assignments of the promissory note and Deed of Trust are void. Complaint, ¶¶184-186. As briefed herein *supra*, Plaintiffs' claim fails because they have not alleged tender of the indebtedness as required in order to challenge the foreclosure proceedings and because the foreclosure proceedings were conducted lawfully. In addition, "[f]raud in the inception of the transaction, or some kindred circumstance, must exist before recission or cancellation is in order." *State ex rel. Dept. of Highways v. Lo Bue*, 83 Nev. 221, 224 (1967).

Plaintiffs have no evidence to support a claim that the Assignment was procured by fraud. In response to an interrogatory propounded by Defendants, Plaintiffs could not identify any evidence of fraud.

MOTION FOR SUMMARY JUDGMENT

"**Interrogatory No. 10:**

Identify and state all facts and evidence to support YOUR claim that the Assignment was procured by fraud, accident or mistake.

**Answer:**

Plaintiffs are informed and believe, and based on such information and beliefs, aver that the assignments of the Deed of Trust recorded in the Clark County Recorder's office are prima facia evidence of the Defendants purported disregard of Nevada Revised Statutes; New York Trust Law; Internal Revenue Code; TILA and RESPO requirements, all include but are not limited to the recordation of documents with information known to be false."

Here, Plaintiffs have alleged no facts and have no evidence demonstrating that any instruments were procured by fraud or any similar circumstances and accordingly Plaintiffs' Fourteenth Claim fails as a matter of law.

**VII.   PLAINTIFFS' FIFTEENTH CLAIM FOR FRAUD AND DECEIT FAILS.**

Plaintiffs' fifteenth claim for Fraud and Deceit is based on allegations that the instruments publicly recorded by Defendants were not true and valid.   Complaint, ¶191. Plaintiffs further allege that Defendants made false representations to them with the intention of deceiving and defrauding Plaintiffs and inducing them to act in reliance on these purported false representations.   Complaint, ¶192.   Plaintiffs further allege that Defendants took affirmative steps to conceal from Plaintiffs that they did not have the right to foreclose on the Property. Complaint, ¶193.

To prove a fraud claim, the plaintiff must show: 1. A false representation made by the defendant; 2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); 3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; 4. Plaintiff's justifiable reliance upon the misrepresentation; and 5. Damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992).

Plaintiffs have no evidence to support any element of this claim.   In response to an

interrogatory propounded by Defendants, Plaintiffs could not identify any evidence of fraud.

"**Interrogatory No. 11:**

Identify and state all facts and evidence to support YOUR Fifteenth Cause of Action in YOUR Complaint for Fraud and Deceit.

**Answer:**

Plaintiffs are informed and believe, and based on such information and beliefs, aver that the assignments of the Deed of Trust recorded in the Clark County Recorder's office are prima facia evidence of the Defendants purported disregard of Nevada Revised Statutes; New York Trust Law; Internal Revenue Code; TILA and RESPO requirements, all include but are not limited to the recordation of documents with information known to be false."

Moreover, these causes of action, even if they existed, would be barred by Nev. Rev. Stat. § 11.190.3(d), which provides for three-year statute of limitations for fraud.  Here, the subject Assignment was made in June, 2011. RJN, Exhibit A. The Complaint was filed on July 2, 2015, more than four years later.  Plaintiffs' fifteenth cause of action for fraud is barred by the Statute of Limitations and accordingly summary judgment should be entered in favor of Defendants.

## VIII. PLAINTIFFS' SIXTEENTH CLAIM FOR VIOLATION OF NEW YORKGENERAL BUSINESS LAW §349 FAILS.

In their sixteenth claim for Violation of New York General Business Law ("GBL") §349, Plaintiffs allege that Defendants knowingly and willfully violated the statute by engaging in acts and practices that were misleading in a material way, unfair, deceptive and contrary to public policy and generally recognized standards of business.  Complaint, ¶ 197.

To demonstrate a violation of GBL §349, a plaintiff must demonstrate the following three elements: (1) the challenged act or practice was consumer-oriented; (2) it was misleading in a material way and (3) the plaintiff suffered injury as a result of the deceptive act. *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 709 N.Y.S.2d 892, 895 (2000)(citations omitted).   The challenged act may be a representation or an omission, must be conduct directed toward

9

consumers, and must be conduct that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.*, *citing Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532 (1995)(complainant "must demonstrate that the acts or practices have a broader impact on consumers at large"); *U.S. Bank Nat'l Ass'n v. Pia*, 73 A.D.3d 752, 754, 901 N.Y.S.2d 104, 106 (2d Dep't 2010).

Section 349 does not reach "private contract disputes unique to the parties."   *See M&T Bank Corp. Gemstone CDO VII, Ltd.*, No. 7064/08, 2009 WL 921381, at *16 (Sup. Ct. Erie Co. Apr. 7, 2009), *aff'd as mod.*, 68 A.D.3d 1747, 891 N.Y.S.2d 578 (4th Dep't 2009); *Oswego Laborers'*, 85 N.Y.2d at 25; *Laskin v. Bank of Am., N.A.*, No. 14406/07, 2009 N.Y. Misc. LEXIS 2574, at *39 (Sup. Ct. Nassau Co. Aug. 6, 2009)(citation omitted)(dismissing Section 349 claim for failure to issue a satisfaction of mortgage because it had a "potential to affect only a single mortgage transaction involving only the plaintiff in this action," and finding that there had been "no impact on consumers or the public at large").   Further, to recover under GBL §349, the complainant must demonstrate actual injury or damages resulting from reliance on the alleged deceptive or misleading conduct.  *Stutman*, 95 N.Y.2d at 29.

Here, Plaintiffs' claim fails because the purported conduct at issue involves a private contract dispute between the parties.  Furthermore, the claim fails because Plaintiffs have not alleged any facts, nor can they offer any evidence, demonstrating that they actually suffered damages resulting from any conduct by Defendants.

## IX.   **PLAINTIFFS' SEVENTEENTH CLAIM FOR VIOLATION OF NEVADA BUSINESS AND PROFESSIONS CODE FAILS.**

While Plaintiffs label their seventeenth cause of action a "Violation of Nevada Business and Professional Code," it appears Plaintiffs are attempting to assert a claim under the California Business and Professions Code.  As there is no Nevada Business and Professions Code, Plaintiffs cannot prevail on this claim.

To the extent that Plaintiffs are asserting a claim for Violation of California Business and Professions Code §17200 ("Section 17200"), they must have suffered injury in fact, which "is [a]n actual or imminent invasion of a legally protected interest, in contrast to an invasion that is

10

conjectural or hypothetical. *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 853 (2008). "[I]njury must be economic, at least in part, for a plaintiff to have standing under Business and Professions Code section 17204." *Animal Legal Defense Fund v. Mendes*, 160 Cal.App.4th 136, 147 (2008). Plaintiffs failed to credibly allege that they lost money or property as a result of wrongful conduct by Defendants. Plaintiffs have not lost money or property due to any alleged wrongdoing by Defendants. Furthermore, Plaintiffs have not lost the Property as the Property has not yet been foreclosed. As Plaintiffs lack standing to assert this claim, they cannot prevail as a matter of law and summary judgment should be entered in favor of Defendants.

## X.   PLAINTIFFS' EIGHTEENTH CLAIM FOR VIOLATION OF 15 U.S.C. §1692EFAILS.

Plaintiffs allege that Defendants violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* by attempting to collect on the promissory note under the false pretense that US Bank was assigned Plaintiffs' debt when it actually was not. Complaint, ¶¶239-241.

### A.   Plaintiffs' Claim Is Time-Barred.

A claim under the FDCPA must be brought "within one year from the date on which the alleged violation occurs." 15 U.S.C. § 1692k(d). Here, the alleged actions center around activities that occurred in 2011 at the time of the Assignment of Deed of Trust. Accordingly, Plaintiffs' claim needed to have been brought by 2012, at the latest. Plaintiffs, however, did not file the underlying Complaint until July 2, 2015, several years after the limitations period had lapsed. Plaintiffs' claim fails as a matter of law.

### B.   Plaintiffs' Claim Fails as a Matter of Law.

Furthermore, to state a claim for violation of the FDCPA, "a plaintiff must allege that the defendant is a debt collector within the meaning of 15 U.S.C. §1692a." *Gutierrez v. Wells Fargo Bank*, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009). Congress enacted the FDCPA to "protect [ ] debtors from improper practices of 'debt collectors' – third parties who attempt to recoup debts owed to creditors." *Nwoke v. Countrywide Home Loans, Inc.*, 251 Fed. Appx. 363, 364-65 (7th Cir. 2007). The FDCPA's regulation of third party debt collectors does

not apply to lenders attempting to collect on residential loans "which w[ere] originated by such [lender]," or reach a lender's servicing company where the "debt [ ] was not in default at the time it was obtained by such [servicing company]." *See* 15 U.S.C. §1692a(6)(F) (1986); *Lal v. Am. Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010).  Thus, "the law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.'" *Id.* at 1224 (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also, e.g.*, *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1052-53 (E.D. Cal. 2009); *Lai v. Quality Loan Serv. Corp.*, 2010 WL 3419179, at *2 (C.D. Cal. Aug. 26, 2010) ("As a matter of law, Plaintiff's claim must fail because none of the Defendant[], [lenders, assignees, or servicers] are 'debt collectors' within the meaning of the act.").

Based on the foregoing, Plaintiffs cannot prevail on their eighteenth claim for Violation of 15 U.S.C. §1692e as a matter of law and summary judgment should be granted in favor of Defendants.

## XI.   PLAINTIFFS' NINETEENTH CLAIM FOR VIOLATION OF 15 U.S.C. §1641(G) FAILS.

Plaintiffs' nineteenth claim for Violation of 15 U.S.C. §1641(g) is based on allegations that Defendants violated the statute by failing to provide them with written notice of the transfer within 30 days after the date the loan was assigned.  Complaint, ¶¶250-252.

### A.   Claim Is Time-Barred.

Claims for rescission under 15 U.S.C. §1641, the Truth in Lending Act ("TILA") must be brought within three years of the claimed violation. 15 U.S.C. §1635(f).  Claims for damages under TILA are subject to a one year statute of limitations, also running from the date of the violation.  15 U.S.C. §§ 1635(f); 1640(e); see *also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003).  The date of the violation refers to the date "the loan documents were signed."  *Meyer v. Ameriquest Mortg. Co.* 342 F.3d 899, 902 (9th Cir. 2003).  Here, the Deed of Trust was signed on April 12, 2006, and the Assignment of Deed of Trust was publicly recorded on June 16, 2011.  RJN, Exh. 1 & 2.

Accordingly, at the latest, the limitations period for rescission lapsed on June 16, 2014, and the limitations period for damages lapsed on June 16, 2012.  Plaintiffs, however, did not file the underlying Complaint until July 2, 2015, after the limitations periods for rescission and damages had already lapsed.  Accordingly, Plaintiffs' claim fails as a matter of law.

**B.      Plaintiffs' Claim Fails to State a Cause of Action.**

To assert a claim for violation of 15 U.S.C. §1641(g), a plaintiff must allege actual damages or the payment of unnecessary finance charges to state a valid claim.  *Beall v. Quality Loan Serv. Corp.*, 2011 U.S. Dist. LEXIS 29184, at *18-19 (S.D. Cal. Mar. 21, 2011) ("A creditor that fails to comply with any requirement imposed under §1641(g)(1) only faces liability for any actual damage sustained by such person as a result of the failure.  Moreover, in the case of an individual action, damages are limited to twice the amount of any finance charge in connection with the transaction and, in cases involving real property, not less than $400 or greater than $4,000.")(citing 15 U.S.C. §1640(a)(1) and 1640(a)(2)(A)(i),(iv)).  Here, Plaintiffs allege that they did not receive notice of the assignment as required by the statute.  Complaint, ¶¶250-252.  Plaintiffs, however, do not allege that they attempted to make any loan payments that were rejected or that they paid any unnecessary finance charges.  *See* Complaint.  Accordingly, they cannot show any damages stemming from a purported violation of 15 U.S.C. §1641(g) and thus cannot prevail on this cause of action.

## XII.   PLAINTIFFS' TWENTIETH CLAIM FOR STATUTORILY DEFECTIVE FORECLOSURE FAILS.

Plaintiffs base their twentieth claim for Statutorily Defective Foreclosure on allegations that the June 16, 2011 Assignment was defective.  Complaint, ¶¶272-273.  Plaintiffs claim that there were three defects with the Assignment: 1) MERS could not hold an interest in the Property and thus could not assign the beneficial interest in the Deed of Trust.  ¶¶274-276; 2) The Assignment purported to transfer the loan into the securitized trust after the closing date.  ¶¶ 277-279; 3) The Assignment was not executed by an "Attorney in Fact."

It is well settled that MERS has the authority to assign the beneficial interest in a deed of trust.  *Edelstein v. Bank of New York* Mellon, 286 P.3d 249, 258 (Nev.2012).  Plaintiffs cannot

13

1   prevail on this theory as a matter of law.

2   As briefed herein *supra*, the allegations concerning the assignment of the beneficial

3   interest in a deed of trust to a securitized trust fail because Plaintiffs do not have standing to

4   assert this claim and because the assignment is not void as a matter of law.

5   Finally, Plaintiffs allegations that the Assignment was not executed by an "Attorney in

6   Fact" are nonsensical and cannot provide Plaintiffs the relief they seek as MERS had the

7   authority under the express terms of the Deed of Trust to execute the Assignment itself.  *See*

8   RJN, Exh. B.  Plaintiffs' Twentieth Claim for Statutorily Defective Foreclosure fails as a matter

9   of law

10  **XIII.  <u>CONCLUSION</u>**

11  Based on the foregoing, Defendants' Motion for Summary Judgment should be granted

12  in its entirety.

13  Dated: July 6, 2016

14  MALCOLM ♦ CISNEROS

15

16  By: **_/s/ Kevin Hahn_**
    KEVIN HAHN,
17  Counsel for DEFENDANTS
    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
18  U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE
    SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE
19  TRUST, SERIES 2006-AB2; SPECIALTY UNDERWRITING AND
    RESIDENTIAL FINANCE TRUST, SERIES 2006-AB2; U.S. BANK
20  NATIONAL ASSOCIATION AS TRUSTEE FOR THE
    CERTIFICATEHOLDERS OF SPECIALTY UNDERWRITING
21  AND RESIDENTIAL FINANCE TRUST, SERIES 2006-AB2;
    MERRILL LYNCH MORTGAGE INVESTORS, INC.

22

23

24

25

26

27

28

MOTION FOR SUMMARY JUDGMENT